Opinion by
 

 Wright, P. J.,
 

 On April 14, 1967, after hearing on citation No. 2365 for 1966, the Pennsylvania Liquor Control Board entered an order suspending for a period of ten days the restaurant liquor license issued to Charles P. Demangone and Catherine Demangone t/d/b as Demangone’s Inn for premises at 925 Clearview Drive, Unity Township, Latrobe,. Westmoreland County. The history of the licensed premises includes two prior suspensions. The Board’s order in the case at bar was based on the following findings of fact: “1. The licensees, their servants, agent or employes permitted minors to frequent the licensed premises, on October 14 and 28,
 
 *310
 
 1966. 2. The licensees, their servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt brewed beverages to minors, on October 14 and 28, 1966”. The licensees appealed to the Court of Quarter Sessions of Westmoreland County, which entered an order, September 19, 1967, reversing the suspension. The Board has appealed to this court.
 

 At the hearing in the court below a transcript of the testimony given before the Board’s examiner was admitted in evidence by stipulation, and additional testimony was taken. A male minor testified that, on several dates including October 14 and 28, 1966, he purchased beer from the licensees’ bartender. Another male minor testified that he purchased beer from the same bartender on October 28, 1966. Each minor testified that he had exhibited to the bartender a false identification card, in one instance a false draft card and in the other instance a false college identification card. There was no contradiction of this testimony. The bartender was called as a witness and admitted that neither minor possessed the identification card prescribed by Section 495 of the Liquor Code. Act of April 12, 1951, P. L. 90, Section 495, 47 P.S. 4-495.
 

 The rationale of the opinion below appears in the following excerpt: “Upon review of the entire testimony in this matter there is reasonable doubt in the mind of this Court, that the petitioner at the time the sales were made had any knowledge that the sales were being made to minors. After weighing all the evidence in this case we can not avoid the conclusion that the petitioner did all that was necessary to establish the age and identity of the parties to whom the alcoholic beverages were sold, and still further, we can not avoid the conclusion that the Board’s Citation is not supported by competent evidence to establish the findings of fact made by the Liquor Control Board”.
 

 
 *311
 
 We are unable to concur in tbe reasoning of tbe court below. The instant appeal is flatly ruled by
 
 Clem’s Cafe Liquor License Case,
 
 425 Pa. 94, 227 A. 2d 491. In that decision our Supreme Court held that the only defense available for a licensee who sells alcoholic beverages to a minor is that provided for in Section 495 of the Liquor Code. Briefly summarized, that section directs the issuance by the Board of numbered identification cards which are to be presented to licensees for the purpose of determining age, and provides in addition for the signing of statements in card form to be kept on file by the licensee and which “may be offered as a defense in all civil and criminal prosecutions for serving a minor”. Since the statutory requirements were not complied with in the instant case, violations of the Liquor Code were established without available defense and regardless of extenuating circumstances. The court of quarter sessions may not capriciously disregard competent evidence of violations by the licensee:
 
 Lakewood Company Liquor License Case,
 
 198 Pa. Superior Ct. 169, 181 A. 2d 918;
 
 Dubin Liquor License Case,
 
 210 Pa. Superior Ct. 346, 234 A. 2d 7.
 

 The order of the court below is reversed and the order of the Board is reinstated.