## D & DA Enterprises, Inc. Appeal

*Harry Schwartz*, for appellant.
*Robert M. Rovine*, contra.

MOUNTENAY, J., September 9, 1974—This matter comes before the court on appeal from an order of the Liquor Control Board imposing a fine of $350 upon D & DA Enterprises, Inc., the licensee, for permitting minors to frequent the licensed premises and for serving liquor to minors.[1]

The board made the following findings of fact, which, after hearing, we adopt as our own:

1. The licensee, by its servants, agents or employes permitted minors to frequent the licensed premises on December 30, 1972, January 5, 6, 12, 13, 19, 20, 1973.

2. The licensee, by its servants, agents or employes sold, furnished and/or gave or permitted

---

1. See section 493, subsections (1) and (14), of the Liquor Code of April 12, 1951, P.L. 90, 47 P.S. §§4-493(1) and (14).

such sale, furnishing and/or giving of liquor and/or malt or brewed beverages, to minors on December 30, 1972, January 5, 6, 12, 13, 19, 20, 1973.

JoAnn Kern, 17 years of age at the time in question, testified that she was served alcoholic beverages at the licensed premises on December 30, 1972 and on January 5, 6, 12, 13, 19 and 20, 1973. She further testified that no inquiry was made as to her age until the last date mentioned, at which time Donald Auteri, Sr., president of the licensee, asked her for proof of age. At this time she exhibited an expired driver's license belonging to a third person and also complied with Mr. Auteri's request that she sign a certificate as to age.[2]

Mr. Auteri, on the other hand, testified as follows. He saw Miss Kern in the establishment during the last week of December 1972 or the first week of January 1973. On this occasion, she produced an identification card and also at his request signed a certificate as to age. The card was in the name of "Donna something or other," and the signature which Miss Kern affixed to the certificate as to age was a perfect match to the one appearing on the identification card. (No mention was made of the photograph required by section 495(a) of the Liquor Code.) Mr. Auteri saw Miss Kern "consequently Fridays and Saturdays" and then again on "the Friday night following."[3] On the last Friday night in

2. We have used the term "identification card" in referring to the document specified in section 495(a) and the term "certification as to age" in referring to the document specified in section 495(c) of the Liquor Code, 53 P.S. §§4-495(a) and (c). The terminology used by the witnesses is somewhat confusing in that they sometimes use the word "card" in referring to both documents.

3. It is not clear what Mr. Auteri meant by this. We take it to mean that the first time he saw Miss Kern was on a Friday

question, Mr. Auteri was advised by one of his other customers that Miss Kern was only 17 years of age, at which time Mr. Auteri ejected her. Mr. Auteri then tore up and threw away the certificate which she had previously signed and given to him at his request. In explanation of this rather remarkable action, Mr. Auteri testified:

"Well, I had no reason to keep it if she wasn't twenty-one. I ushered her out the door and that was the last time I seen her and I ripped the card up and threw it away. There was no reason to keep it, it was just like keeping last year's driver's license."

The licensee argues that if Mr. Auteri's testimony is accepted as credible, the "good faith" defense recognized in section 495(e) of the Liquor Code, 47 P.S. §4-495(e) is available to him.[4] It is not necessary that we determine whether the licensee's argument constitutes a correct statement of law. We simply do not believe that Mr. Auteri ever secured the certificate as to age. Mr. Auteri would have us believe that he required Miss Kern to sign the certificate and that he filed it. However, when he was advised that she was under age—that is, when the fact of the existence of such a certificate became most vital to Mr. Auteri—he destroyed it. We reject this explanation as incredible, and, accordingly, we

night, that he also saw her on the succeeding night (being a Saturday), and that he saw her for the last time on the succeeding Friday night, at which time he ejected her. In any event, she was on the premises and served, even by Mr. Auteri's testimony, on at least three occasions.

4. This subsection reads as follows: "The signed statement in the possession of a licensee or an employe of a State Liquor Store may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the Liquor Control Board or the courts are satisfied that the licensee or State Liquor Store employe acted in good faith."

come to the conclusion that no such certificate was ever furnished. This being the case, the "good faith" defense is not available to him: Clem's Cafe Liquor License Case, 425 Pa. 94, 227 A. 2d 94 (1967); Demangone's Inn Liquor License Case, 212 Pa. Superior Ct. 308, 243 A. 2d 187 (1968).

There is no doubt but that Miss Kern frequented the premises and was served. All witnesses concede this. Inasmuch as the good faith defense is not available, we conclude that the Liquor Control Board properly imposed a penalty.

## ORDER

And now, September 9, 1974, the within appeal is dismissed and the action of the Liquor Control Board is affirmed.