In the Matter of Revocation of Restaurant Liquor License No. R-9750, Issued to: Adelin R. Pirollo, LaVerne's Lounge, 5431-33 Penn Avenue, Pittsburgh, Pennsylvania 15206.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

. . Argued May 5, 1977, before Judges KRAMER, MEN-CER and ROGERS, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*John R. Cook,* with him *Fine, Perlow and Stone,* for appellee.

OPINION BY JUDGE MENCER, September 19, 1977:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Allegheny County sustaining the appeal of Adelin R. Pirollo from a Board order which imposed a $250 fine on Pirollo.

Pirollo is a licensed retailer of alcoholic beverages trading as LaVerne's Lounge (LaVerne's). On two occasions in July of 1975, LaVerne's made sales of beer to the same minor. Before both the Board and the court below, these sales were admitted. The Board concluded that this established LaVerne's violation of Section 493(1) of the Liquor Code, Act of April 12,

1951, P.L. 90, *as amended*, 47 P.S. §4-493(1), and the $250 fine was imposed. On appeal, the court below conducted a de novo hearing and found as a fact that the sales to the minor were made on the basis of a presentation by the minor of a Pennsylvania Liquor Control Board identification card. The court concluded that LaVerne's good-faith acceptance of the card as proof of the age of the holder established a good defense to proceedings for a violation of Section 493(1). The correctness of that conclusion is the narrow legal issue before us.

Section 495 of the Code, 47 P.S. §4-495, provides, in pertinent part:

Identification cards; licensees and state liquor store employes saved from prosecution.— (a) The board shall issue, to any person who shall have attained the age of twenty-one years, an identification card bearing said person's date of birth, physical description, photograph, [and] signature. . . .

(b) Such identification card shall be presented by the holder thereof upon request of any State Liquor Store or any licensee, or the servant, agent or employe thereof, for the purpose of aiding such store licensee or the servant, agent or employe to determine whether or not such person is twenty-one years of age and upwards, when such person desires alcoholic beverage at a State Liquor Store or licensed establishment.

(c) In addition to the presentation of such identification card, the agent of the State Liquor Store or the licensee or his servant, agent or employe, shall require the person whose age may be in question to fill in and sign a card in the following form:

. . . .

Such statement shall be printed upon a 3 inch by 5 inch or 4 inch by 5 inch file card, which card shall be filed alphabetically by the State Liquor Store or licensee, at or before the close of business on the day of which said certificate is executed, in a file box containing a suitable alphabetical index, and which card shall be subject to examination by any officer, agent or employe of the Liquor Control Board at any and all times.

. . . .

(e) The signed statement in the possession of a licensee or an employe of a State Liquor Store may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the Liquor Control Board or the courts are satisfied that the licensee or State Liquor Store employe acted in good faith.

A critical finding of fact made by the court below is that LaVerne's did not maintain a card file in accordance with subsection (c). Although the minor's age was questioned by the employe who served him, the employe was completely satisfied by the showing of the Board card and did not require the minor to execute the statement required by subsection (c). LaVerne's argument, accepted by the court below, is that good-faith reliance upon an apparently valid Board card is sufficient in itself to constitute a defense under Section 495 and that there is no need for the further step of requiring the patron to complete the identification statement of subsection (c). We cannot agree.

The existing case law is, in our view, clearly contrary to LaVerne's position. *Clem's Cafe Liquor License Case,* 425 Pa. 94, 227 A.2d 491 (1967); *Demangone's Inn Liquor License Case,* 212 Pa. Superior Ct.

308, 243 A.2d 187 (1968). Section 495 provides the only defense that may be raised by a licensee charged with serving alcoholic beverages to a minor, and each one of the statutory requirements imposed by that section must be complied with in order for the defense to be available. *Demangone's Inn, supra,* 212 Pa. Superior Ct. at 311, 243 A.2d at 188. The execution of an identification statement card in accordance with Section 495(c) is a statutory prerequisite for the granting of absolution by the Board or the courts pursuant to Section 495(e). *Clem's Cafe, supra,* 425 Pa. at 100, 227 A.2d at 494; *Demangone's Inn, supra,* 212 Pa. Superior Ct. at 311, 243 A.2d at 188.

LaVerne's attempts to distinguish the prior cases on the ground that neither case involved the use by a minor of a Board card. In *Demangone's Inn,* the minor presented false selective-service and college identification cards. In *Clem's Cafe,* false selective-service cards were again involved. La Verne's attempt to distinguish the cases fails, however, at least with respect to *Clem's Cafe,* because of the fact situation in that case. The cafe was situated in Washington County, which borders on West Virginia, and was and is often traveled through by West Virginians. The minor represented himself to be a West Virginian and presented a draft card issued in that state. As noted by both the lower court and the dissenting opinion by Mr. Justice MUSMANNO, it would have been idle for the bartender to have asked for Pennsylvania identification cards. *Clem's Cafe, supra,* 425 Pa. at 102, 227 A.2d at 495 (MUSMANNO, J., dissenting). The bartender's good-faith reliance upon an apparently valid identification card, albeit issued by another state, was not sufficient to establish a defense in the view of the majority in *Clem's Cafe.* The further step of requiring completion of an identification statement was essential. We are of the opinion that this is likewise

true where Pennsylvania Liquor Control Board cards, which are as subject to various types of fraudulent misuse as other identification cards, are used by a minor to induce the sale of alcoholic beverages.

The order of the court below is reversed and the order of the Pennsylvania Liquor Control Board reinstated.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

ORDER

AND Now, this 19th day of September, 1977, the order of the Court of Common Pleas of Allegheny County, dated May 4, 1976, in the above captioned matter is hereby reversed, and the order of the Pennsylvania Liquor Control Board imposing a fine of $250 upon Adelin R. Pirollo is reinstated.