In Re: Appeal of John J. and Mary F. Skowronek. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued October 6, 1977, before Judges ROGERS and BLATT, sitting as a panel of two.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

No appearance for appellee.

Opinion by Judge Blatt, November 17, 1977:

The Pennsylvania Liquor Control Board (Board) appeals to this Court from an order of the Court of Common Pleas of Delaware County which sustained the appeal of John J. and Mary F. Skowronek (licensees) from a Board order.

The licensees, trading as Yeadon Sports Bar, were cited for the sale of beer to a minor in April of 1975 and were fined $600.[1] On appeal, the court below conducted a de novo hearing at which conflicting evidence was presented as to whether or not the minor concerned had been required to present a Pennsylvania Liquor Control Board identification card at the time of his purchase. The court found as a fact that the sale was made on the basis that such a card had been presented and it reversed the Board's adjudication. Our scope of review here is limited to a determination of whether or not the Board's order is supported by sufficient evidence and whether or not the lower court committed an error of law or abused its discretion. *Re: Diana*, 31 Pa. Commonwealth Ct. 363, 375 A.2d 1386 (1977).

The Board argues that the Liquor Code[2] (Code) requires not only that a retail liquor licensee shall require a person whose age may be in question to present a Liquor Control Board identification card but also that such person likewise be required to fill in and sign a card, the form of which is prescribed in Section 495(c) of the Code, 47 P.S. §4-495(c), and

---

[1] The Board found that the licensees had violated Section 493 (1) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493, which provides in pertinent part:

It shall be unlawful—

 (1) For any licensee . . . or any employe, servant or agent of such licensee . . . to sell, furnish or give any liquor or malt or brewed beverages . . . to any minor. . . .

[2] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §1-101 et seq.

which the licensee is required to keep on file for examination. This section provides:

> In addition to the presentation of such identification card, the . . . licensee or his servant, agent or employe, shall require the person whose age may be in question to fill in and sign a card in the following form:
>
> . . . .
>
> Such statement shall be printed upon a 3 inch by 5 inch or 4 inch by 5 inch file card, which card shall be filed alphabetically by the State Liquor Store or licensee, at or before the close of business on the day of which said certificate is executed, in a file box containing a suitable alphabetical index, and which card shall be subject to examination by any officer, agent or employe of the Liquor Control Board at any and all times.

There was no testimony requested or provided in the court below that the minor had been required to fill in and sign a card in compliance with this section, which is essential to establish a defense by a licensee in proceedings charging the sale of beer to a minor. *In the Matter of Revocation of Restaurant Liquor License No. R-9750*, 31 Pa. Commonwealth Ct. 639, 377 A.2d 1040 (1977). It was, therefore, an error of law for the court below to reverse the order of the Board with no evidence before it that there had been complete compliance with the law. Its order must be reversed and the order of the Liquor Control Board imposing a fine of $600 upon the licensees is hereby reinstated.

### ORDER

AND Now, this 17th day of November, 1977, the order of the Court of Common Pleas of Delaware County dated June 21, 1976 and numbered A-33 March

Sessions, Page 272, 1976, is reversed and the order of the Pennsylvania Liquor Control Board dated February 25, 1976, Citation No. 1335 of 1975, which imposed a fine of Six Hundred Dollars ($600), upon John J. and Mary F. Skowronek, is hereby reinstated.