In Re: In the Matter of Revocation of Restaurant Liquor License No. R-16528 and Amusement Permit No. AP-16528, Issued To Bimbo's of Pittsburgh, Inc., Zelda's Greenhouse 117-121 Bouquet Street, Pittsburgh, Pa. 15213. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued December 6, 1979, before Judges CRUMLISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Mark Stephen Syrnick,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel and *Edward Biester, Jr.,* Attorney General, for appellant.

*Robert Rade Stone,* for appellee.

OPINION BY JUDGE MENCER, February 8, 1980:

We have for consideration and disposition an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Allegheny County which reversed the imposition of a $350 fine by the Board against Bimbo's of Pittsburgh, Inc. (Bimbo's), pursuant to citation No. 2196 of 1976.

The Board, after a hearing, found that Bimbo's had permitted minors to frequent the licensed premises on October 16, 1976 and had sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors on October 16, 1976 and imposed a $350 fine.[1] On appeal from the Board's order, a de novo hearing was held by the trial court which concluded that "the evi-

---

[1] The fine imposed on Bimbo's by the Board was pursuant to Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471, for permitting minors to frequent its licensed premises in violation of Section 493(14) of the Liquor Code, 47 P.S. §4-493(14), and for selling liquor or malt or brewed beverages to minors in violation of Section 493(1) of the Liquor Code, 47 P.S. §4-493(1).

dence strongly supports the Board's findings that minors were, indeed, served alcoholic beverages." However, the trial court concluded that the fine imposed on Bimbo's was unwarranted considering the "practical aspects of the case."

The trial court reasoned as follows:

Although the evidence strongly supports the Board's findings that minors were, indeed, served alcoholic beverages, this Court must also consider the practical aspects of the case. The licensed premises are in the heart of the University of Pittsburgh's campus where underage drinking, whether condoned or not, is commonplace. The testimony of Appellant's witnesses indicate it did as much as possible to prevent minors from entering. It appears Appellant followed a uniform procedure to stop everyone at the door regardless of age to require proof of age in the form of a Liquor Control Board card or a driver's license coupled with a picture I.D. There were two checkers at the door at all times. The Court also considers that the sheer volume of people which must have entered this popular spot (Appellant estimates 500 to 700 people) on a football weekend, increases the probability that a minor could conceivably get past all of Appellant's checkers.

This Court finds that Appellant did not intentionally or knowingly serve minors and used its best efforts to prevent them from visiting its premises.

Our scope of review is limited to a determination of whether or not the order of the Board was supported by sufficient evidence and whether or not the trial court abused its discretion or committed an error of law. *Angelo's Liquor License Case,* 36 Pa. Commonwealth Ct. 338, 387 A.2d 1328 (1978). Bimbo's,

while admitting that the fine imposed by the Board was within statutory limits, argues that the trial court had the discretionary authority to set aside the fine while at the same time accepting the Board's findings of fact. We must reject this argument because the case law of this Commonwealth is contrary.

Our Supreme Court set forth the applicable law on this matter when deciding *Carver House, Inc. Liquor License Case,* 454 Pa. 38, 41-42, 310 A.2d 81, 83 (1973):

'The law is clear that the lower court may not change or modify a penalty imposed on a licensee by the Board without making specific material changes in the facts as found by the Board: Maple Liquor License Case, 207 Pa. Superior Ct. 237, 217 A.2d 859. Nor may the court below capriciously disregard competent evidence of violations by the licensee: Petty Liquor License Case, 216 Pa. Superior Ct. 55, 258 A.2d 874. Nor may the court below reduce the penalty imposed by the Board because it is considered too severe: Alston Beer Distributor Liquor License Case, 214 Pa. Superior Ct. 32, 251 A.2d 808.' Pace Liquor License Case, 218 Pa. Superior Ct. 300, 302, 280 A.2d 642, 643-44 (1971).

Accordingly, we must agree with the Board in this case and conclude that the trial court, in sustaining Bimbo's appeal and setting aside the $350 fine imposed by the Board, based on the same findings of fact made by the Board, exceeded its judicial authority. Therefore, we will enter the following

### ORDER

AND Now this 8th day of February, 1980, the order of the Court of Common Pleas of Allegheny County, Civil Division, at No. SA 177 of 1977, entered April 28, 1978, is reversed, and the order of the Pennsylva-

nia Liquor Control Board, dated March 8, 1977, imposing a fine of $350 upon Bimbo's of Pittsburgh, Inc., is reinstated.

Judge DiSALLE did not participate in the decision in this case.