## Com. v. Morrow's Tavern, Inc.

*John H. Broujos*, for appellant.
*J. Leonard Langan*, for Liquor Control Board.

SHEELY, *J.*, July 13, 1981—Appellant, Morrow's Tavern, Inc., appeals to ths court from a fine imposed by the Pennsylvania Liquor Control Board. After a hearing de novo, we make the following

### FINDINGS OF FACT

1. Morrow's Tavern is a corporation with its principal place of business at 104 West Burd Street, Shippensburg, Cumberland County, Pa.

2. Morrow's Tavern holds a liquor license, issued by the Pennsylvania Liquor Control Board (PLCB). It has no prior violations of the Liquor Code.

3. On March 5, 1980, Diane Ditzler, a minor, age 19, entered Morrow's Tavern with Kim Borden, an adult, and sat at a table with a group of her adult friends who were drinking beer from bottles.

4. Morrow's Tavern employs a full-time checker

who sits at the door to check the age of patrons. It was stipulated that he could not remember seeing Diane Ditzler on the evening in question.

5. There were at least 200 persons at Morrow's Tavern that evening. No employe served patrons at the tables. Instead, the patrons ordered at the bar.

6. Diane Ditzler was at the Tavern from 30 to 45 minutes, but she never ordered or paid for any beer. However, an adult friend who was sitting at the table with her went to the bar and asked for a glass. Diane took the glass, poured beer into the glass from her adult friend's beer bottle and drank it.

7. Morrow's Tavern was issued a citation for serving a minor in violation of section 493 of the Liquor Code of April 12, 1951, P.L. 90, art. IV, as amended, 47 P.S. §4-493(1).

## DISCUSSION

Morrow's Tavern contends that the evidence is insufficient to prove a violation of the law; that Diane Ditzler's testimony was incredible; that the tavern never sold or served beer to the minor; and that once the tavern establishes that it took the necessary steps to check the age of minors, the burden shifts to the Commonwealth to prove otherwise. We disagree.

Section 493 of the Liquor Code provides that it shall be unlawful:

"(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, *to sell, furnish* or *give any liquor* or *malt* or *brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given,* to any person visibly intoxicated, or to any insane person, or *to any minor,*

or to habitual drunkards, or persons of known intemperate habits." (Emphasis supplied.)

The statute places a clear duty on the tavern not to permit beer to be given to a minor.

In Salvia's Bar, Inc. Liquor License Case, 211 Pa. Superior Ct. 275, 236 A. 2d 839 (1967), an adult entered a bar with three minors and ordered six draft beers which he shared with the minors. In J-J Bar, Inc. Liquor License Case, 210 Pa. Superior Ct. 349, 233 A. 2d 625 (1967), a similar case, an adult ordered two drinks, one of which he gave to the minor with whom he was seated. In neither case were the minors questioned as to their age, asked for identification, or asked to leave. Both times the court held that the bartenders had violated their statutory duties to refuse to permit adults to furnish liquor to minors. In the case at bar, the bartender at Morrow's Tavern merely gave a glass to an adult, who had previously been served beer. The adult then furnished the glass and beer to the minor. In this case, as in the other two cases, the bartender violated his duty by allowing an adult who had previously been served liquor to later provide it to a minor. Thus, we find a violation of the Liquor Code although Morrow's Tavern did not serve the minor directly.

The legislature has provided taverns with a defense to the charge of serving a minor. As a defense, section 495 of the Liquor Code provides for the presentation of a Pennsylvania Liquor Control Board identification card *plus* the patron's signature on a card representing that he is an adult, signing for the purpose of inducing the bartender to serve him alcoholic beverages. It is not a defense that the bartender had no knowledge of the minor's age: In re Shorto, 14 D. & C. 3d 222 (1980). Nor is it

a defense if the bartender merely checks the patron's identification. He must also get his signature on a card kept on file for the Liquor Control Board's inspection: In the Matter of Revocation of Restaurant Liquor License of Pirollo, La Verne's Lounge, 31 Pa. Commonwealth Ct. 638, 377 A. 2d 1040 (1977). While Morrow's Tavern asserts that it had an employe checking identification, it did not also show that it had Diane Ditzler's signature on a card as set forth in section 495 of the Liquor Code. Therefore, it did not adequately establish a defense to the section 493 violation.

Finally, we find the testimony of Diane Ditzler, the minor, to be credible although she testified at the PLCB hearing that she drank beer which had been poured from a pitcher rather than a beer bottle. We find as a fact that she poured the beer from a beer bottle into her glass and drank it. Regardless of the source of the beer, we find a violation of the Morrow Tavern's duty to prohibit an adult from furnishing liquor to a minor.

We find, therefore, that the aforementioned facts support a finding of a violation fo section 493 of the Liquor Code by the preponderance of the evidence.

### ORDER

And now, July 13, 1981, in accordance with the opinion filed herewith, the action of the Liquor Control Board in the imposition of a fine is affirmed.