Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* John E. Schiaffo, t/a AAA Beer Store, Appellee.

Submitted on briefs, December 13, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

306

*J. Leonard Langan,* Chief Counsel, for appellant.

*Stanton A. Berkowitz,* for appellee.

OPINION BY JUDGE BLATT, February 24, 1983:

The Pennsylvania Liquor Control Board (LCB) appeals here an order of the Court of Common Pleas of Philadelphia County which vacated the penalty imposed by the LCB on John E. Schiaffo, t/a AAA Beer Store (licensee). He was charged with selling beer to a minor in violation of Section 493(1) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1).

The facts are not in dispute. An LCB Enforcement Officer observed one John Davies enter the licensed premises and leave a short time later carrying a case of beer. The officer stopped Mr. Davies, learned that he was a minor, and issued him a citation for violation of Section 6308 of the Crimes Code, 18 Pa. C. S. §6308 (purchase, consumption, possession, or transportation of intoxicating beverages by a minor). When the licensee was then cited, he testified at the hearing that he had questioned Mr. Davies concerning the latter's age and had been furnished a driver's license, a voter registration card and a union card, all bearing the same name and stating that the named individual was of legal age. The licensee also testified that he had asked Mr. Davies to sign his name in the licensee's presence so that the signatures could be compared, and that the minor satisfied this test. The trial court, believing that the licensee's behavior evidenced good faith, vacated the penalty imposed. The LCB appealed to this Court.

Our scope of review is limited to a determination of whether or not the Board's order is supported by sufficient evidence and whether or not the trial court committed an error of law or abused its discretion. *Diana Appeal*, 31 Pa. Commonwealth Ct. 363, 375 A.2d 1386 (1977).

The LCB argues here that the trial court erred as a matter of law in that the licensee did not follow the procedures of Section 495 of the Code, 47 P.S. §4-495. That provision requires, in situations where a purchaser's age is called into question, that the licensee see the purchaser's LCB identification card or a driver's license with a photograph, that the purchaser sign a statement representing that he or she is of legal age and that the licensee retain the signed statement so that it may be used in the licensee's defense. Here it is clear that the licensee did not require the signing of the statutory statement, and therefore, was unable to present such in his defense.

Although Section 495(e) of the Code, 47 P.S. §4-495(e) states that "no penalty shall be imposed if . . . the courts are satisfied that the licensee . . . acted in good faith", the courts of this Commonwealth have clearly held that the only defense to Section 493 is compliance with all of the statutory requirements of Section 495. *LaVerne's Lounge Liquor License Case*, 31 Pa. Commonwealth Ct. 638, 377 A.2d 1040 (1977). And the execution of an identification statement is clearly a statutory prerequisite for the granting of absolution by the courts under Section 495(e). *Clem's Cafe Liquor License Case*, 425 Pa. 94, 227 A.2d 491 (1967). Without compliance with the statutory requirements, violations of the Liquor Code are established regardless of any extenuating circumstances. *Demangone's Inn Liquor License Case*, 212 Pa. Superior Ct. 308, 243 A.2d 187 (1968).

We must, therefore, reverse the court of common pleas and reinstate the LCB order.

### ORDER

AND Now, this 24th day of February, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed and the penalty imposed by the Pennsylvania Liquor Control Board reinstated.