In Re: GTRT, Inc., Trading as Beer and Beverage Center. Appeal From an Order of the Pennsylvania Liquor Control Board etc. GTRT, Inc., Trading as Beer and Beverage Center, Appellant.

Submitted on briefs October 6, 1983, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Louis E. Caputo,* for appellant.

*Patrick M. McHugh,* Deputy Chief Counsel, with him *Gary F. DiVito,* Chief Counsel, for appellee.

OPINION BY JUDGE CRAIG, November 30, 1983:

GTRT, Inc., trading as the Beer and Beverage Center, appeals an order of the Court of Common Pleas of Allegheny County, affirming the imposition of a 20-day suspension by the Pennsylvania Liquor Control Board (PLCB) for a violation of the sales-to-minors prohibitions in the Pennsylvania Liquor Code.[1] We affirm.

The question is whether there was, as a matter of law, a sale to a minor within the meaning of the Liquor Code.

The facts of the case are uncontested. On February 4, 1981, an employee of GTRT, Joseph Hample, sold a case of beer to a minor, relying on the minor's

---

[1] Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* §493, 47 P.S. §4-493.

representation that the beer was for the use of an elderly gentleman who, because of cold weather, was waiting outside in a car. The minor had used a like method on other occasions to purchase beer. Mr. Hample, or another employee, would take the money and then carry the beer out to the car, verifying that the elderly gentleman was actually present in the car. On this date, however, there was no elderly gentleman outside waiting. After the minor paid for the beer, and while Mr. Hample was answering a telephone call, the minor left the premises. Sergeant Pricener of the Monroeville Police observed the minor carrying the beer to a car and shortly thereafter stopped the car. He found the purchasing minor, together with another minor, and arrested the two for underage possession and related offenses.

GTRT contends that these facts do not constitute a sale on the ground that the requisite intent to sell is lacking, citing the Uniform Commercial Code, 13 Pa. C. S. §2204, as to contract formation, and the Pennsylvania Law Encyclopedia, Sale of Personalty §1, as authority supporting its position. Appellant's argument is not persuasive. Sales of liquor are lawful only to the extent that they are made lawful by the Liquor Code. *Tahiti Bar, Inc., Liquor License Case,* 395 Pa. 355, 361, 150 A.2d 112, 116 (1959). The Liquor Code contains its own definition of "sale":

"Sale" or "sell" shall include any transfer of liquor, alcohol or malt or brewed beverages for a consideration.[2]

The minor exchanged money for a case of beer. That the minor deceived the salesperson does not alter the fact that a transfer occurred with the minor as buyer and GTRT as seller. To allow GTRT to escape

---

[2] Section 102 of the Liquor Code, 47 P.S. §1-102.

the consequences of the illegal sale by claiming deception would render the Liquor Code a nullity.

The Liquor Code provides for only one reliance defense against prosecution for sales to minors; that provision, section 495,[3] permits a licensee to rely on statements contained in a purchaser's LCB card and the signed record card to be kept on file by the licensee. *Pennsylvania Liquor Control Board v. Tris-Dad, Inc.,* 68 Pa. Commonwealth Ct. 176, 178 n.2, 448 A.2d 690, 691 n.2 (1982). The defense offered here bears no relation to that provision.

### ORDER

Now, November 30, 1983, the order of the Court of Common Pleas of Allegheny County, dated April 13, 1982, is hereby affirmed.

---

[3] 47 P.S. §4-495.