In Re: Peter's Pub, Inc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Submitted on briefs December 10, 1985, before President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Bruce H. Bikin,* Assistant Counsel, with him, *Gary F. Di Vito,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE ROGERS, January 22, 1986:

This is the appeal of the Pennsylvania Liquor Control Board (board) from an order of the Court of Common Pleas of Allegheny County setting aside an order of the board imposing a $600 fine upon Peter's Pub, Inc. (licensee). The fine was imposed pursuant to a citation issued by the board which alleged that the licensee, "by [its] servants, agents or employees sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to a minor, on or about May 21, 1983."

The licensee appealed the imposition of the fine and the common pleas court, after taking additional testimony, found that the minor had shown false identification to the doorman upon entry and that she produced her real identification to the board's enforcement officer when she was carded. The court reversed the order of the board based upon those facts. Our scope of review is limited to a determination of whether the record supports the board's action and whether the trial court abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board Appeal*, 49 Pa. Commonwealth Ct. 259, 261, 411 A.2d 1258, 1259 (1980).

The violation alleged in the citation is based upon Section 4-493(1) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493(1) which provides in pertinent part:

It shall be unlawful—

(1) For any licensee . . . or any employe, servant or agent of such licensee . . . to sell, furnish or give any liquor or malt or brewed beverages . . . to any minor. . . .

The defense of the licensee to a charge of violation of Section 4-493(1) is complete compliance with Section

4-495(b) of the Code, 47 P.S. §4-495(b), which requires the presentation by the person whose age is questioned of a Liquor Control Board identification card or of a photo driver's license. In addition, the patron must fill out and the licensee must keep on file a 3 x 5 card described in Section 495(c) of the Code, 47 P.S. §4-495(c).

While there was conflicting testimony at the hearing concerning whether the driver's license presented by the minor was of the type which bore a photograph, the testimony of both the doorman and the minor was that she did not fill out the card required by Section 495(c). Compliance with that provision was essential to a successful defense by the licensee. It was, therefore, error of law to reverse the order of the board. *Appeal of Skowronek,* 32 Pa. Commonwealth Ct. 423, 379 A.2d 906 (1977).

Order reversed and the order of the board imposing a $600 fine is reinstated.

ORDER

AND Now, this 22nd day of January, 1986, the order of the Common Pleas Court of Allegheny County in the above-captioned matter is reversed; the order of the Pennsylvania Liquor Control Board imposing a $600 fine on Peter's Pub, Inc., is hereby reinstated.