517 A.2d 230

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Voelker Distributing, Inc., Appellee.

Argued October 9, 1986, before Judges BARRY, COLINS (P) and PALLADINO, sitting as a panel of three.

*Felix Thau,* Counsel, with him, *Gary F. DiVito,* Chief Counsel, and *Faith S. Diehl,* Assistant Counsel, for appellant.

*Charles P. Voelker, Voelker, Schiffman, Parise &amp; Wojdowski,* for appellee.

OPINION BY JUDGE COLINS, November 10, 1986:

This is an appeal of the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Allegheny County setting aside an order of the Board imposing a $500.00 fine upon Voelker Distributing, Inc. (licensee). The fine was imposed pursuant to a citation issued by the Board which alleged that the licensee, "by its servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of malt or brewed beverages to a minor, on March 28, 1984."

The licensee appealed the imposition of the fine and the trial court, after taking additional testimony, found that the minor had indeed purchased the beer; however, the court found that he purchased it as an agent for his mother. Based upon this fact, the trial court reversed the order of the Board. Our scope of review in this case is limited to a determination of whether the record supports the Board's action and whether the trial court abused its discretion or committed an error of law. *In Re: Peter's Pub, Inc.,* 94 Pa. Commonwealth Ct. 282, 503 A.2d 499 (1986).

The violation alleged in the citation is based upon Section 493(1) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1), which provides that it shall be unlawful to sell, furnish, or give

any liquor, malt or brewed beverages to any minor. The only defense of a licensee to a charge of violation of Section 493(1) of the Code is complete compliance with Sections 495(b)-(c) of the Code, 47 P.S. §§4-495(b)-(c), which, *inter alia,* require that the licensee must keep on file a record card, signed by the patron, containing averments of his majority. It is clear from the record that the licensee in the instant matter did not maintain a card file as described in Section 495 of the Code, 47 P.S. §4-495. Compliance with that provision was essential to a successful defense by the licensee; there is no defense based upon a theory of agency. It was, therefore, an error of the law to reverse the order of the Board.

Accordingly, we reverse the order of the trial court and reinstate the order of the Board imposing a $500.00 fine.

ORDER

AND NOW, November 10, 1986, the order of the Court of Common Pleas of Allegheny County, No. S. A. 1046-85, dated October 23, 1985, is hereby reversed, and the order of the Pennsylvania Liquor Control Board imposing a $500.00 fine on Voelker Distributing, Inc. is hereby reinstated.