527 A.2d 1083

146, Inc., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Charles E. Wiegand, Jr., Appellee.

Argued May 22, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*David R. Cashman, Cashman & Cipriani,* for appellant, 146, Inc. and Charles E. Wiegand, Jr., appellee.

*Kenneth B. Skelly,* Chief Counsel, with him, *Sharon E. Holley,* Assistant Counsel and *Felix Thau,* Deputy Chief Counsel, for appellant/appellee, Pennsylvania Liquor Control Board.

OPINION BY JUDGE CRAIG, June 24, 1987:

Before this court are the appeals of the Pennsylvania Liquor Control Board and 146, Inc. from two separate orders of the Court of Common Pleas of Allegheny County. The trial court reversed a Liquor Control Board order imposing a $500 fine on licensee Charles E. Wiegand, and affirmed a Liquor Control Board order imposing a $750 fine on licensee 146, Inc. Because those cases relate to similar fact situations involving

sales to the same minor, allegedly in violation of the sales-to-minors prohibition in the Pennsylvania Liquor Code,[1] those cases have been consolidated on appeal here.

The question is whether there were, as a matter of law, sales to a minor within the meaning of the Liquor Code.

The board had determined that licensee Wiegand furnished intoxicating liquor to minor Kimberly Knapp on July 19, 1984. After a non-jury *de novo* trial, the trial judge also determined that licensee Wiegand had served alcoholic beverage to that minor on July 19, 1984. However, the trial judge determined that the minor "had deliberately planned and executed a deception" against which the licensee could not protect himself. Accordingly, the trial judge reasoned that, because licensee Wiegand "did not permit a person *known* to be a minor to frequent the premises on July 19, 1984" the licensee had not violated the Liquor Code.

With respect to the alleged violations of licensee 146, Inc., the trial judge determined that substantial evidence supported the board's determination that licensee 146, Inc. had served intoxicating beverages to the same minor, Kimberly Knapp, in violation of the Liquor Code.

This court's scope of review is limited to a determination of whether the record supports the board's action and whether the trial court abused its discretion or committed an error of law. *In Re: Peter's Pub, Inc.,* 94 Pa. Commonwealth Ct. 282, 503 A.2d 499 (1986).

There are two forms of identification acceptable as proper proof of age under the Liquor Code—a photo driver's license or a board-issued identification card.

---

[1] Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* §493, 47 P.S. §4-493.

Section 495 of the Liquor Code[2] establishes the purpose of an identification card as follows:

> (b)   Such identification card shall be presented by the holder thereof upon request of any State Liquor Store or any licensee, or the servant, agent or employe thereof, for the purpose of aiding such store, licensee, or the servant, agent or employe to determine whether or not such person is twenty-one years of age and upwards, when such person desires alcoholic beverages at a State Liquor Store or licensed establishment.
>
> (c)   In addition to the presentation of such identification card, the agent of the State Liquor Store or the licensee or his servant, agent or employe, *shall require the person whose age may be in question to fill in and sign [a declaration of age] card* . . . . (Emphasis added.)

The trial judge found, as the licensee Wiegand argued, that, because of the minor's deception in presenting a false photo driver's license, the licensee did not consider the purchaser's age to be in question; consequently, there was no need to have her execute a declaration of age card. We disagree.

This court has consistently held that the Liquor Code provides only one defense against prosecution for service to minors—compliance with section 495 of the Liquor Code, which permits a licensee to rely on statements contained in a purchaser's declaration of age card which the licensee must keep on file. To allow a licensee "to escape the consequences of the illegal sale by claiming deception would render the Liquor Code a nullity." *GTRT, Inc. Liquor License Case,* 78 Pa. Commonwealth Ct. 584, 586-87, 467 A.2d 1233, 1234 (1983).

---

[2] 47 P.S. §4-495.

Moreover, the plain language of section 495(c) of the Liquor Code requires that the declaration of age card be executed *in addition to the presentation of an identification card*. Although the licensee argues that the presentation of the minor's deceptive identification card resolved any doubt regarding the purchaser's age, implicit in a request for acceptable identification is an indication that the purchaser's age is in question. Hence, whenever a licensee or a state liquor store employee requires a purchaser to present an acceptable identification card, the licensee or state liquor store employee can only later establish a successful defense against a sales-to-minor allegation if that purchaser who had to show proper identification also executed a declaration of age card.

Accordingly, we must find that the trial court made a mistake of law in reversing the board's imposition of a fine on licensee Charles Wiegand because that licensee served alcoholic beverage to a minor without requiring her to execute a declaration of age card. Additionally, we find that the record supports the trial court's affirmance of the board's action with respect to licensee 146, Inc.

### ORDER IN 1499 C. D. 1986

NOW, June 24, 1987, the order of the Court of Common Pleas of Allegheny County, at No. S. A. 73 of 1986, dated April 23, 1986, is affirmed.

### ORDER IN 231 C. D. 1987

NOW, June 24, 1987, the order of the Court of Common Pleas of Allegheny County, at No. S. A. 1103 of 1986, is reversed.