539 A.2d 498

Union Beverage, Inc., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs February 23, 1988, to President Judge CRUMLISH, JR., Judges McGINLEY and SMITH, sitting as a panel of three.

*William A. Degillio,* with him, *John R. Sobota,* for appellant.

*Felix Thau,* Deputy Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 25, 1988:

The Pennsylvania Liquor Control Board suspended Union Beverage, Inc.'s liquor license for three and five-day periods, respectively, for separate violations of Section 493(1) of the Liquor Code.[1] After de novo review, the Luzerne County Common Pleas Court affirmed. Union Beverage appeals; we affirm.

Union Beverage admits that it sold alcohol to minors on the two occasions presently under review. However, it contends that the common pleas court erred in failing to consider its good-faith attempts to verify the minors' ages consistent with Section 495 of the Liquor Code, 47 P.S. §4-495.[2]

It is well settled that Section 495 provides the only defense against prosecution for service to minors. *146, Inc. v. Pennsylvania Liquor Control Board,* 107 Pa. Commonwealth Ct. 79, 527 A.2d 1083 (1987). It requires a licensee to request the proper identification card *and* have the individual execute a declaration-of-age card. *Id.* Section 495 further requires the declaration-of-age cards to be kept on premises in an alphabetical file.

The record in this matter discloses that on both occasions the licensee requested identification cards, but both minors responded that they had none. Nonetheless, the licensee elected to sell a case of beer to

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1) (selling alcohol to minors).

[2] Our scope of review is limited to a determination of whether the record supports the Board's action and whether the trial court abused its discretion or committed an error of law. *In Re: Peter's Pub, Inc.,* 94 Pa. Commonwealth Ct. 282, 503 A.2d 499 (1986).

each minor.[3] The Board's agents promptly reviewed the licensee's declaration-of-age card file but failed to find the minors' signatures.

A court may only vacate a penalty where a licensee has "carded" a minor and has on file a proper declaration-of-age card. *146, Inc.* Additionally, the court must make a finding of good faith by the licensee to ascertain the individual's age. These preconditions clearly have not been met in this case.

Union Beverage submits that the Section 495 procedure is unreasonable and impracticable in light of the present day-to-day operations of licensees. We note that the verification procedure is, for most purposes, unchanged since at least 1951.

This Court does not believe, however, that the retail business at neighborhood distributors has changed that much to require reconsideration of our prior decisions upholding the validity of Section 495. It may be true that the verification process is overly burdensome on the manager or server at busy nightclubs, taverns and restaurants, who must weigh valid customer demands and satisfaction with compliance with liquor laws. However, that matter is not before us. Union Beverage and other licensees should seek redress through the legislature, whose duty it is to review and update the Liquor Code.

Affirmed.

### ORDER

The order of the Luzerne County Common Pleas Court, No. 267 of 1987 dated March 31, 1987, is affirmed.

---

[3] As to the second infraction, the minor testified that he had been refused service due to no identification on two prior occasions. However, in his third attempt, he was successful. N.T., 2/16/87, p. 11.