540 A.2d 4

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Gerri P. Valliant, Appellee.

Submitted on briefs March 21, 1988, to Judges BARRY and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Faith S. Diehl,* Assistant Counsel, for appellant.

*Arnold M. Epstein,* for appellee.

OPINION BY JUDGE BARRY, April 14, 1988:

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of Allegheny County which vacated the penalty imposed by the Board on Gerri P. Valliant (licensee), who had been charged with selling beer to a minor in violation of Section 493(1) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1).

On May 2, 1986, Board enforcement officers were conducting an open inspection on the licensed premises. During the course of this inspection, Officer Mark Kennedy observed Judith Falcona in possession and consuming a bottle of beer. The officer approached her and asked for identification. She produced a driver's license with an altered birth date that showed her to be 21 years of age or older. Upon inquiry, Officer Kennedy learned that she was in fact a minor. When the licensee was cited, Ms. Falcona admitted at the hearing that she went to the licensed premises and ordered and purchased the beer. She also testified that, at the time she bought the beer, she was not requested to produce proof of her age. The licensee admitted at the hearing that he did not request Ms. Falcona to provide proof of age on the night the violation occurred. He testified that the reason he did not do so was that, on a prior occasion, the minor had produced the altered driver's

license showing her to be of legal age to consume alcohol upon request for such proof, and that he thereafter recognized her whenever she went to his establishment.

The trial court held that the licensee, in examining the photo on the driver's license, followed proper procedure to determine if potential patrons were under the age of 21 years and that such a procedure was not defective. It concluded that the licensee had not violated Section 493(1) of the Code because, on the prior occasion, he had been led to believe that the purchaser was not a minor due to the altered driver's license and could have reasonably believed that her age had not decreased at the time of the sale in question. This appeal by the Board followed.

Our scope of review in this matter is limited to a determination of whether or not the Board's order is supported by sufficient evidence and whether or not the trial court committed an error of law or abused its discretion. *Diana Appeal,* 31 Pa. Commonwealth Ct. 363, 375 A.2d 1386 (1977).

The LCB argues that the trial court erred as a matter of law in that the licensee did not follow the procedures of Section 495 of the Code, 47 P.S. §4-495. That provision requires, in situations where a purchaser's age is called into question, that the licensee see the purchaser's LCB identification card or a driver's license with a photograph, that the purchaser sign a statement representing that he is of legal age and that the licensee retain the signed statement so that it may be used in the licensee's defense. Here, there is no evidence showing that the licensee required the signing of the statutory statement.

As this court stated in *Liquor Control Board v. Schiaffo,* 72 Pa. Commonwealth Ct. 305, 307, 456 A.2d 1120, 1121-22 (1983):

Although Section 495(e) of the Code, 47 P.S. §4-495(e) states that 'no penalty shall be im-

posed if . . . the courts are satisfied that the licensee . . . acted in good faith', the courts of this Commonwealth have clearly held that the only defense to Section 493 is compliance with all of the statutory requirements of Section 495. . . . And the execution of an identification statement is clearly a statutory prerequisite for the granting of absolution by the courts under Section 495(e) . . . . Without compliance with the statutory requirements, violations of the Liquor Code are established regardless of any extenuating circumstances. . . . (Citations omitted.)

Accordingly, we reverse the order of the court of common pleas and reinstate the penalty imposed by the Board.

### ORDER

Now, April 14, 1988, the order of the Court of Common Pleas of Allegheny County at S. A. 587 of 1987, dated June 17, 1987, is reversed and the penalty imposed by the Pennsylvania Liquor Control Board is reinstated.