540 A.2d 982

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Stephen G. Churma & Duane Churma, Appellees.

Submitted on briefs March 21, 1988, to Judges BARRY and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Faith S. Diehl,* Assistant Counsel, for appellant.

*Brenda B. Betts, Papernick & Gefsky, P.C.,* for appellees.

OPINION BY JUDGE BARRY, April 28, 1988:

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of Allegheny County which vacated the penalty imposed by the Board on Stephen G. Churma and Duane Churma, t/a Mosside Beverages Company (licensee). The licensee was cited for selling beer to a minor in violation of Section 493(1) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1).

Two Board Enforcement Officers observed Robert J. Palumbi enter the licensed premises empty-handed and leave carrying a case of beer. One of the officers approached Mr. Palumbi who revealed that he was fifteen years of age. Upon questioning of an employee of the licensee the officer learned that Mr. Palumbi had produced a Pennsylvania driver's license indicating that he was of legal age. The officer found no such driver's license following a search of Mr. Palumbi.

The licensee was cited and a Board hearing was held following which an order was entered imposing a sus-

pension on the licensee for ten days. The licensee appealed the Board's order to the trial court which held a *de novo* hearing. The trial court reversed the Board's order and the Board has appealed to this Court.

Our scope of review, where the trial court has heard the appeal *de novo,* is limited to determining whether the trial court has abused its discretion or committed an error of law and whether the adjudication and order of the Board are supported by substantial evidence. *Pennsylvania Liquor Control Board v. S & B Restaurants, Inc.,* 112 Pa. Commonwealth Ct. 382, 535 A.2d 709 (1988). We find that the trial court has committed an error of law and accordingly, reverse its order.

The trial court heard the testimony, *inter alia,* of the licensee's employee who sold the beer to Mr. Palumbi. He testified that Mr. Palumbi produced a driver's license indicating that he was of legal age. Mr. Palumbi, however, testified that he had purchased the beer without being asked his age and without producing any proof of his age. The trial court found the employee's testimony to be more credible than that of Mr. Palumbi and concluded that a driver's license indicating that Mr. Palumbi was of legal age had been produced. The trial court sustained the licensee's appeal on this basis.

We have repeatedly held that the *only* defense to a violation of Section 493 of the Code is a demonstration of compliance with *all* of the statutory requirements of Section 495 of the Code, 47 P.S. §4-495. *GTRT, Inc. Liquor License Case,* 78 Pa. Commonwealth Ct. 584, 467 A.2d 1233 (1983), *Pennsylvania Liquor Control Board v. Schiaffo,* 72 Pa. Commonwealth Ct. 305, 456 A.2d 1120 (1983), *LaVerne's Lounge Liquor License Case,* 31 Pa. Commonwealth Ct. 638, 377 A.2d 1040 (1977).

Section 495 provides that in cases where a purchaser's age is questioned that the "licensee see the purchas-

er's LCB identification card or a driver's license with a photograph, that the purchaser sign a statement representing that he or she is of legal age and that the licensee retain the signed statement so that it may be used in the licensee's defense." *Schiaffo,* 72 Pa. Commonwealth Ct. at 307, 456 A.2d at 1121. Accordingly, "whenever a licensee or a state liquor store employee requires a purchaser to present an acceptable identification card, the licensee or state liquor store employee can *only* later establish a successful defense against a sales-to-minor allegation if that purchaser who had to show proper identification *also* executed a declaration of age card." *146, Inc. v. Pennsylvania Liquor Control Board,* 107 Pa. Commonwealth Ct. 79, 83, 527 A.2d 1083, 1085 (1987) (emphasis added).

There is no evidence on the record that the required statement was signed or retained by the licensee. Accordingly, it has not made out a defense to the violation of selling liquor to a minor as set forth in Section 495. Therefore, we must reverse the trial court inasmuch as it committed an error of law in sustaining the licensee's appeal.

## ORDER

Now, April 28, 1988, the order of the Court of Common Pleas of Allegheny County at No. 455 of 1987, dated June 17, 1987, is hereby reversed and the penalty imposed by the Pennsylvania Liquor Control Board is reinstated.