198

In the Matter of Revocation of Hotel Liquor License Etc. Bob Humphreys, Inc., Appellant.

Submitted on briefs March 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and BARBIERI, sitting as a panel of three.

*Wray G. Zelt, III*, for appellant.

No appearance for appellee.

OPINION BY JUDGE BARBIERI, March 31, 1983:

This is an appeal from an opinion and order of the Court of Common Pleas of Washington County suspending the liquor license of Bob Humphreys, Inc. (Licensee) for a period of five days. We reverse.

On May 6, 1981, the Pennsylvania Liquor Control Board (Board) issued a citation to Licensee to show cause why its license should not be revoked and its bond forfeited for (1) serving alcoholic beverages to a minor on its licensed premises on or about February 28, 1981, and (2) providing false information to the Board in order to obtain a Sunday sales permit. Following a hearing on this matter, conducted on September 16, 1981, the Board found as facts that Licensee had served alcoholic beverages to a minor on February 28, 1981, and that Licensee had also supplied false information to the Board in order to obtain a Sunday sales permit; actions which the Board found to be in violation of the laws of the Commonwealth and/or the regulations of the Board. The Board accordingly ordered a ten day suspension of Licensee's liquor license, and Licensee subsequently appealed from this determination to the court of common pleas where a de novo hearing was conducted on December 15, 1981. After reviewing the evidence adduced at this hearing, the court concluded (1) that the Board had failed to establish that Licensee had supplied false information in order to obtain a Sunday sales permit, but (2) that the Board did establish that Licensee had served alcoholic beverages to a minor in violation of the laws of the Commonwealth. The court accordingly ordered a five day suspension, and the present appeal followed.

Where, as here, the court of common pleas has conducted a hearing de novo in a liquor license suspension appeal, our scope of review "is limited to a determination of whether or not the order appealed from was supported by sufficient evidence and whether or not

the court below committed an error of law or abused its discretion." *New Sorrento, Inc. v. Pennsylvania Liquor Control Board,* 64 Pa. Commonwealth Ct. 422, 424, 440 A.2d 676, 677 (1982).

Here, Licensee alleges that there is not sufficient evidence of record to support the court of common pleas' finding that it served alcoholic beverages to a minor on the specific date alleged by the Board,[1] and that the court of common pleas therefore abused its discretion by ordering a suspension. We agree.

Section 471 of the Liquor Code (Code),[2] 47 P.S. §4-471, specifically provides, *inter alia,* that no penalty may be imposed against a Licensee for any violation of the Code unless the Board notifies the Licensee of the nature and date of the alleged offense within ten days of the completion of the Board's investigation. The obvious purpose of this provision is to require that the Board give to license holders notice of any alleged violation of the Code so that the Licensee may thus be afforded an opportunity to present any defenses that he may have to any such charge. We conclude, therefore, that if the Board fails to establish either the nature or date of the offense alleged in its citation, no penalty may be imposed.

At the hearing de novo in the present case, the only evidence submitted by the Board was the testimony of a Mr. Robert Work.[3] Mr. Work, a minor, testified that he had been served several beers at the Nor-Mane Hotel, an establishment owned and operated by Li-

---

[1] The burden of proof in liquor license suspension cases rests with the Commonwealth. See *Greensburg Lodge No. 1151, Loyal Order of Moose, Liquor License Case,* 216 Pa. Superior Ct. 118, 260 A.2d 500 (1969).

[2] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.

[3] Licensee, for its part, presented the testimony of seven witnesses who testified that they had been at the Nor-Mane Hotel on February 28, 1981, and had not seen Mr. Work.

censee, while working there with his brother-in-law on a plastering job. When asked by counsel for the Board when this event occurred, however, Mr. Work testified that he could not remember. When asked if the event occurred in winter, Mr. Work testified that it did not. Finally, after the February 28, 1981 date had been mentioned by counsel for the Board, Mr. Work testified that he thought the incident occurred sometime in February. This evidence was clearly insufficient to support the court of common pleas' finding that an offense occurred on February 28, 1981, and would, in our view, be clearly insufficient to support any finding as to the date of the offense. Since there is no evidentiary support in the record for the finding of a violation on February 28, 1981, we must reverse.

ORDER

Now, March 31, 1983, the order of the Court of Common Pleas of Washington County dated December 15, 1981, suspending the hotel liquor license of Bob Humphreys, Inc. is reversed.