Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Eclectic Enterprises, Inc., Appellee.

Submitted on briefs April 7, 1983, to President Judge Crumlish, Jr. and Judges Williams, Jr. and Barbieri, sitting as a panel of three.

*Gary F. DiVito,* Acting Chief Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellant.

*John M. Willmann,* for appellee.

Opinion by President Judge Crumlish, Jr., August 30, 1983:

The Pennsylvania Liquor Control Board appeals a Philadelphia County Common Pleas Court order reversing a liquor license suspension. We reverse.

The Philadelphia Department of Licenses and Inspections' citation of Eclectic Enterprises[1] for violating the City's Fire Code resulted in a one-week revocation of its health permit. The Board then ordered Eclectic to show cause why its liquor license should not be revoked.[2] A waiver of hearing was executed in which Eclectic admitted the revocation. The Board suspended the license for five days, this being Eclectic's third citation in four years. Following a *de novo* hearing, the common pleas reversed.

Our scope of review is limited to a determination of whether the order was supported by sufficient evidence and whether the court below committed an error of law or abused its discretion. *Matter of Revocation of Hotel Liquor License*, 73 Pa. Commonwealth Ct. 198, 457 A.2d 1035 (1983).

Before the trial Court may modify or set aside Board actions, it must make findings of fact on the material issues different from those made by the Board. *Pennsylvania Liquor Control Board v. Brock's Cafe, Inc.*, 39 Pa. Commonwealth Ct. 597, 598, 396 A.2d 74, 75 (1974). Here, the trial court found that "Eclectic repaired the *violation* the day after notification of its nonconformity but remained closed for approximately four days until a reinspection by L & I could be arranged." (Emphasis added.) The trial court clearly recognized that a violation *did* occur.[3] That Eclectic expeditiously corrected the violation is of no consequence and does not constitute a materially-

---

[1] No brief was filed on behalf of Eclectic Enterprises, Inc.

[2] The Board has the authority to suspend a liquor license "upon ... sufficient cause shown...." Section 471 of the Liquor Code, Act of June 3, 1971, P.L. 143, *as amended*, 47 P.S. §4-471.

[3] The trial court's reasoning that the violation was not "a serious one" and thus should be excused is unsupportable. It is not for the trial court to ascertain whether a violation is severe enough to warrant a penalty.

different finding. Thus, the trial court committed an error of law by setting aside the Board order without making findings materially different from those of the Board.

Since the Board found that this violation was Eclectic's third violation in a four-year period, at least a license suspension was required.[4]

Reversed.

ORDER

The Philadelphia County Court of Common Pleas order, No. 8107-2476, dated July 2, 1982, is hereby reversed.

---

[4] Section 471 of the Liquor Code specifically provides that:
   If the violation in question is a third or subsequent violation of this act or ... [of] "The Penal Code," occurring within a period of four years the board *shall* impose a suspension or revocation. (Emphasis added.)