Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* 1212 Corporation, Appellee.

Submitted on briefs June 4, 1984, to Judges WIL-
LIAMS, JR., DOYLE and PALLADINO, sitting as a panel of
three.

*Felix Thau,* Assistant Counsel, with him, *Gary F.
Di Vito,* Chief Counsel, for appellant.

*Idee C. Fox,* for appellee.

OPINION BY JUDGE PALLADINO, August 31, 1984:
The Pennsylvania Liquor Control Board (Board)
appeals here from the order of the Court of Common
Pleas of Philadelphia County (trial court) which
modified the Board's order revoking the restaurant
liquor license, No. R-7846, of 1212 Corporation (li-
censee). We reverse.

On June 3, 1982, the Board issued a citation to
show cause why the Licensee's liquor license should
not be revoked. After an *ex parte* hearing, the Board,
on September 22, 1982, issued an opinion and order
which contained the following finding of fact:

The licensee, by its servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages on Sunday, May 2, 1982, during hours when such sales were prohibited. . . .

Based on this finding and the licensee's record of previous citations, the Board revoked the licensee's liquor license.[1] Following a *de novo* hearing, the trial court reduced the penalty imposed on the licensee to a thirty-one (31) day suspension and a $500.00 fine based on its finding that the violation was inadvertent.

Our scope of review is limited to a determination of whether the order was supported by sufficient evidence and whether the court below committed an error of law or abused its discretion. *Matter of Revocation of Hotel Liquor License,* 73 Pa. Commonwealth Ct. 198, 457 A.2d 1035 (1983).

Before the trial court may modify or set aside a penalty imposed by the Board for a violation of the Code, it must make findings of fact on the material issues different from those made by the Board. *Pennsylvania Liquor Control Board v. Eclectic Enterprises, Inc.,* 76 Pa. Commonwealth Ct. 626, 464 A.2d 683 (1983). Here, the trial court found that "the licensee had a Sunday license in previous years and was operating under the mistaken belief that he still had a Sunday license". The trial court further found that the failure to renew the license was "due to an oversight". The trial court clearly recognized that a violation did occur. That the licensee did not intend to serve liquor on Sunday without a valid license is of no consequence as it is well-settled that proof of intent to violate is not required under the Code. *Pennsylva-*

---

[1] The licensee's liquor license was revoked pursuant to Section 471 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.

*nia Liquor Control Board v. Dobrinoff*, 80 Pa. Commonwealth Ct. 453, 471 A.2d 941 (1984), *Allegheny Beverage Co. v. Pennsylvania Liquor Control Board*, 67 Pa. Commonwealth Ct. 487, 447 A.2d 725 (1982). Thus, the trial court committed an error of law by modifying the penalty because of the absence of an intent to violate.

We reverse the trial court's order and reinstate the penalty imposed by the Board.

### ORDER

AND Now, August 31, 1984, the order of the Court of Common Pleas of Philadelphia County dated December 17, 1982 in the above-captioned matter is hereby reversed and the order of the Pennsylvania Liquor Control Board is reinstated.