Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Steven Seder, t/a Denny's Beverages, Appellee.

Submitted on briefs September 14, 1984, to Judges DOYLE and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Patrick M. McHugh*, Deputy Chief Counsel, with him, *Gary F. DiVito*, Chief Counsel, for appellant.

*Jeffrey M. Voluck*, for appellee.

OPINION BY JUDGE DOYLE, March 22, 1985:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from a decision and order of the Court of Common Pleas of Philadelphia County which reduced a fine assessed against Steven Seder, t/a Denny's Beverages, (Licensee) from $700 to $150 in one Board charge, and vacated a ten day suspension assessed against Licensee in a separate Board charge. Both the fine and suspension were for sale of liquor to minors, but each relates to a separate incident. The trial court took evidence on both appeals at one hearing and issued one order which is here appealed.

The Board found that "[t]he licensee, his servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of malt or brewed beverages to a minor, on June 18, 1982.

. . ." Based upon this finding it imposed a seven hundred dollar fine. The Board, in a separate adjudication, made an identical finding with respect to an occurrence on June 30, 1982 and consequently, suspended Licensee's license for ten days. Both orders were issued on January 19, 1983. Section 493(1) of the Liquor Code[1] prohibits a licensee from selling liquor, malt or brewed beverages to minors. The trial court, after a hearing de novo, determined that the Licensee had taken "reasonable precautions" to insure that it was not selling beverages to minors. N.T. 45. Consequently, it reduced the $700 fine to $150 and vacated the suspension. The trial court also determined that the Licensee had violated the Liquor Code's requirement of having purchasers whom it suspects may be under age complete a declaration of majority form pursuant to Section 495(c) of the Liquor Code, 47 P.S. §4-495(c), but left undisturbed the Board's findings that sales to minors had occurred on both dates.

Our scope of review is limited to determining whether the Board's orders are supported by substantial evidence or whether the lower court committed an error of law or an abuse of discretion. *Pennsylvania Liquor Control Board v. Eclectic Enterprises, Inc.*, 76 Pa. Commonwealth Ct. 626, 464 A.2d 683 (1983). Before a trial court may modify or set aside a Board order "it must make findings of fact on the material issues different from those made by the Board." *Id.* at 627, 464 A.2d at 684. Here the trial court did not do this. Indeed, we note that both minors stated at the trial court hearing that they had purchased alcohol from Licensee although each individual was under age at the time of his purchase. The trial court, however, found that Licensee had taken "reasonable precautions" and hence, modified the Board orders on this

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493(1).

basis. This situation is similar to that in *Eclectic* where the trial court, although it found that a fire code violation had occurred, set aside a Board order because it made an additional finding that the licensee had repaired the violation after notice. In reversing the trial court in *Eclectic* we said:

> The trial court clearly recognized that a violation *did* occur. That Eclectic expeditiously corrected the violation is of no consequence and does not constitute a materially-different finding. Thus, the trial court committed an error of law by setting aside the Board order without making findings materially different from those of the Board. (Footnote omitted.) (Emphasis in original.)

76 Pa. Commonwealth Ct. at 627-28, 464 A.2d at 684. As in *Eclectic,* the trial court here found that the violation occurred. Hence, while it made additional findings of fact with respect to mitigating circumstances, its findings of fact did not materially differ from those of the Board. This Court has previously stated that the *only* defense available to a licensee which sells liquor to purchasers whose ages are in question is to have those purchasers sign a declaration of majority form. *Pennsylvania Liquor Control Board v. Schiaffo,* 72 Pa. Commonwealth Ct. 305, 456 A.2d 1120 (1983); *Appeal of Charsuner Bar Corp.,* 68 Pa. Commonwealth Ct. 382, 449 A.2d 106 (1982). Section 495(c) of the Liquor Code establishes the format for this declaration of majority form. The form, which requires the purchaser's signature, states that the purchaser is over age twenty-one and understands that he or she is subject to a fine and imprisonment for any misrepresentation made on the form. Section 495(e) of the Liquor Code[2] provides:

---

[2] 47 P.S. §4-495(e).

The signed statement [the declaration of majority form] in the possession of a licensee or an employe of a State Liquor Store may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the Liquor Control Board or the courts are satisfied that the licensee or State Liquor Store employe acted in good faith.

This Court has held that there must be strict compliance with Section 495(c) for the licensee's defense to exist under Section 495(e). *LaVerne's Lounge Liquor License Case,* 31 Pa. Commonwealth Ct. 638, 377 A.2d 1040 (1977). Because the trial court here found that Licensee violated the Liquor Code in not requiring suspected minors to complete the declaration of majority form pursuant to Section 495(c) a defense under Section 495(e) does not exist. "Without compliance with the statutory requirements, violations of the Liquor Code are established regardless of any extenuating circumstances." *Schiaffo,* 72 Pa. Commonwealth Ct. at 307, 456 A.2d at 1122.

Licensee contends that although Section 495(e) is the only *complete* defense available and hence, only by complying with this Section could Licensee be completely absolved, other mitigating circumstances can produce a *partial* defense which would allow the trial court to reduce a "penalty" as it did here. We do not agree and reiterate our statements in *Charsuner* and *Schiaffo* that strict compliance with Section 495(c) is the *only defense* available to a licensee who allows sales to individuals whose ages are in question.

Finally, Licensee argues that because some of its prior citations for other offenses were not made a part of the record and because the Board relied upon those citations in assessing the fine and suspension, there was an error of law. But the Board in its adjudication in each case considered the prior citations as only *one*

*factor* in its imposition of the fine and penalty. In short, there are other bases which independently support the Board's actions.

Having found that the trial court vacated and modified the Board's orders without making findings on the material issues different than those made by the Board, we hold that the trial court committed an error of law. Reversed.

### ORDER

Now, March 22, 1985, the decision and order of the Court of Common Pleas of Philadelphia County in the above captioned matter, PLCB No. 8302-2586, dated May 5, 1983, is hereby reversed. The January 19, 1983 orders of the Pennsylvania Liquor Control Board imposing the $700.00 fine and the ten day suspension are reinstated.

Judge WILLIAMS, JR., did not participate in the decision in this case.