In the Matter of Revocation of Restaurant Liquor License No. R-13634, Amusement Permit No. AP-13634, and Sunday Sales Permit No. SS-13634, Issued to: William Hewitt & Edgar W. Hewitt Corporation, t/a Cherry's I. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Submitted on briefs December 10, 1985, to Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, with him, *Gary F. DiVito,* Chief Counsel, for appellant.

*Barry H. Denker,* for appellee.

OPINION BY JUDGE MACPHAIL, January 30, 1986:

The Pennsylvania Liquor Control Board (Board) appeals here from an order of the Court of Common Pleas of Bucks County which modified a penalty im-

posed by the Board on William Hewitt & Edgar W. Hewitt Corporation t/a Cherry's I (Licensee) for violating the sales-to-minors prohibition of the Liquor Code[1] (Code). We reverse.

The Board found that "[t]he licensee, by its servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors, on March 13, 14, 1983. . . ." Based on this finding and on a previous citation issued against the licensee,[2] the Board revoked Licensee's license and declared its bond to be forfeited.

Licensee appealed to the trial court which conducted a hearing de novo. Following the hearing, the Court made the following pertinent findings of fact:

1. On March 13, 1984, before midnight, the appellant permitted the giving of liquor to Sandra Constable, a minor, age 18.

2. On March 13 and 14, 1984 the appellant permitted Lisa Wagner, a minor age 20 to be on its premises during working hours. There is insufficient credible evidence as to whether or not the beverages she consumed before midnight on March 13, were alcoholic. She did consume alcohol between midnight and 2:00 a.m. on March 14, 1984.

. . . .

4. Sandra Constable . . . had with her a "Pennsylvania Identification card" with her picture on it. The birthdate on the card showed a pur-

---

[1] Section 493(1) of the Act of April 12, 1951, *as amended*, 47 P.S. §4-493(1).

[2] In the previous citation, the Board found that Licensee had permitted minors to frequent its premises, furnished liquor to minors and permitted music to be heard outside its premises.

ported age of 23 years. It was not an official identification card approved under 47 P.S. §4-495(a) or (a.1). Instead, it was one which she had secured from an authorized agency in the mail. There is insufficient evidence as to whether or not the card was asked for or presented at the time of her entrance.

. . . .

6. From the court's observation of Ms. Constable she is a rather mature young woman who looks older than her years. . . .

. . . .

8. On the evening of March 13, 1983, appellant's procedures required that two bouncers be stationed at the entrance of the building to verify age identifications of the persons seeking entrance. Appellant instructed its employees not to admit persons under 21 and to require identification where age was in question. However, appellant accepted as appropriate identification, college ID cards, Pennsylvania Liquor Control Board Official Cards, Pennsylvania photo driver's licenses and out-of-state driver's licenses.

In deciding to modify the Board's order, the Court noted that

there is no evidence that the Board considered the mature appearance of Sandra Constable; that Ms. Constable appeared at the door with a false ID card; that there was no credible evidence that Lisa Wagner had any alcoholic beverages on March 13 or that Sandra Constable had any such beverages on March 14; and that appellant's procedures for serving minors, although ineffective were apparently established

and conducted on these two dates in a good faith attempt to comply with the Code.

The Court decided that, under the circumstances, revocation would be too severe a penalty and, instead, ordered Licensee's liquor license to be suspended for a period of six months.

Our scope of review is limited to determining whether the Board's order is supported by substantial evidence and whether the lower court abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Seder*, 88 Pa. Commonwealth Ct. 351, 489 A.2d 278 (1985). A trial court cannot modify a Board's order unless its findings are materially and significantly different from those of the Board.[3] *Pennsylvania Liquor Control Board v. Dobrinoff*, 80 Pa. Commonwealth Ct. 453, 471 A.2d 941 (1984).

Here, the trial court justified its order by stating that it did find facts different from those found by the Board, specifically, that the Board failed to consider the mature appearance of one of the minors, that that minor tendered a false I.D. card, that there was no evidence that *both* minors were served alcoholic beverages on *both* dates (March 13 and March 14) and that the licensee had established procedures to exclude minors which indicated his good faith attempt to comply with the Code.

In *GTRT, Inc., Liquor License Case*, 78 Pa. Commonwealth Ct. 584, 587, 467 A.2d 1233, 1234 (1983), we said

---

[3] Licensee erroneously contends that *Pennsylvania Liquor Control Board v. M.S.G., Inc.*, 7 Pa. Commonwealth Ct. 540, 297 A.2d 556 (1972) stands for the proposition that additional testimony alone permits a trial court to modify a penalty imposed by the Board. In *M.S.G.* we acknowledged that a trial court may not change or modify a penalty imposed by the Board without making different findings on material issues. *Id.* at 543-544, 297 A.2d at 558.

> The Liquor Code provides for only one reliance defense against prosecution for sales to minors; that provision, section 495, permits a licensee to rely on statements contained in a purchaser's LCB card and the signed record card to be kept on file by the licensee. (Footnote reference omitted.)

There was no compliance here with Section 495 of the Code.[4] The licensee's good faith is insufficient to satisfy the Code's requirements. Neither are extenuating circumstances a factor when dealing with provisions of the Code. *Seder.* In summary, we must conclude that the additional facts found by the trial court are not relevant to a determination of whether a violation occurred. Such additional facts, therefore, do not justify the trial court's modification of the Board's order.

Licensee contends nevertheless that the trial court's order should be affirmed, because its finding that only one minor was served on March 13 and another on March 14 directly contradicts the Board's determination that Licensee served "minors, on March 13, 14, 1983." We disagree. The Board's determination can be construed as meaning either that one minor was served on March 13 and another on March 14, or that two or more minors were served on each day in question. Because the Board's language can be interpreted either way, the trial court's findings cannot be said to involve any real contradiction.

Accordingly, we reverse the trial court and reinstate the order of the Board.

## ORDER

The order of the Court of Common Pleas of Bucks County, dated August 10, 1984, is reversed. The June 1, 1984 order of the Pennsylvania Liquor Control Board is reinstated.

---

[4] 47 P.S. §4-495.