509 A.2d 976

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Second Street Beer Distributor, Inc., Appellee.

Submitted on briefs December 27, 1985, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, with her, *Gary F. DiVito,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BARRY, May 27, 1986:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Philadelphia County Court of Common Pleas which reversed the Board's order suspending the liquor license of the Second Street Beer Distributor, Inc., appellee, for issuing checks with insufficient funds.

The Second Street Beer Distributor, Inc. is located at 828-830 South Second Street and 214-216 Queen Street, Rear, Philadelphia, Pennsylvania 19147. Its distributor's license is No. D-3032. On August 11, 1982, the Board issued and properly served on appellee, a citation (No. 1926, 1982) charging appellee with writing checks on March 31, April 1, May 14, 20, 27, and June 8, 25 of 1982 with insufficient funds. This is a violation of Section 493(26) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493(26) (Code). The Board in its opinion also considered similar past violations by appellee in 1981 (citations number, 2519, 907, 1648). By order dated February 22, 1983, the Board suspended appellee's license for ten days, March 29, 1983 until April 8, 1983. Appellee appealed to the Philadelphia Court of Common Pleas which reversed the Board on November 2, 1984. The trial court sitting *de novo* found that the Board was unaware that appellee had subsequently made good on the checks either by cash or redeposit and reasoned that, since this fact was a materially different finding of fact from the Board's findings, the Court had the discretion to modify the penalty imposed by the Board. The Court directed the Board to make the suspension effective two days at a time rather than ten days consecutively. On appeal the Board argues that there is no evidence in the record to support the Court's finding that the Board was unaware

that appellee later satisfied its obligations after issuing the insufficient funds checks. Even if it was unaware, the Board argues, a finding that appellee violated the Liquor Code but later attempted to correct this violation does not constitute a materially different finding of fact from that of the Board. Therefore, it contends that the trial court exceeded its authority by modifying the penalty imposed by the Board.

Our scope of review of a decision of a trial court hearing the case *de novo* is limited to determining whether the trial court committed an error or law, abused its discretion or made findings which are not supported in the record. *Pennsylvania Liquor Control Board Appeal*, 82 Pa. Commonwealth Ct. 142, 474 A.2d 738 (1984).

The trial court transcript shows that Mrs. Helen McCaffrey, attorney for appellee, asked that the court, in considering the propriety of the Board's action in suspending appellee's license, consider the fact that "the Board, at the time it ordered the ten day suspension was perhaps unaware that all the checks had been made good or upon redeposit were made good. . . ." The Board attorney made no effort to contradict this testimony. The trial court found that the Board was, unaware of the fact the checks were made good. The trial court *de novo* is the arbiter of fact and questions of witness credibility and evidentiary weight are for a court of common pleas and not Commonwealth Court. *Pennsylvania Liquor Control Board v. American Legion Home Association of Cresson*, 81 Pa. Commonwealth Ct. 503, 474 A.2d 68 (1984). We are, therefore, bound by the finding that the Board was unaware that the checks had been made good.

The only issue before us then is whether such a finding constitutes a materially different finding of fact from that made by the Board. We hold that it does not and

reverse the trial court. The trial court recognized the party's stipulation to the truth of the averments, namely, that the appellee was guilty of violating Section 493 of the Code. The appellee's attempt to expeditiously reimburse the victims of its issuance of the faulty checks is irrelevant and cannot be considered a materially different finding of fact. *Pennsylvania Liquor Control Board v. Eclectic Enterprises, Inc.*, 76 Pa. Commonwealth Ct. 626, 464 A.2d 683 (1983).

Accordingly, we hold that the court committed an error of law and we reverse and reinstate the terms of the original suspension by the Board.

## ORDER

Now, May 27, 1986, the order of the Court of Common Pleas of the County of Philadelphia dated November 2, 1984, is reversed. The original Board order of February 22, 1982, suspending appellee's liquor license for ten consecutive days is reinstated.

Judge DOYLE dissents.