554 A.2d 611

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Anna Maria's North, Inc., Appellee.

Submitted on briefs October 11, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Faith S. Diehl*, Assistant Counsel, with her, *Kenneth B. Skelly*, Chief Counsel, for appellant.

*Frank J. McDonnell, McDonnell, O'Brien & Wright*, for appellee.

OPINION BY SENIOR JUDGE NARICK, February 22, 1989:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County (trial court) which

reversed a revocation by the Pennsylvania Liquor Control Board (PLCB) of the restaurant liquor license of Anna Maria's North, Inc. (Licensee).

The underlying facts that precipitated this appeal are as follows: Jeff Sileo was an employee and secretary-treasurer of the Licensee corporation. Jeff Sileo sold cocaine to an undercover police officer on the licensed premises. The PLCB issued to the Licensee a rule to show cause why its license should not be revoked because of the criminal violation which occurred on its premises. On October 23, 1987, after a hearing, the PLCB held that the Licensee had violated Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471 in that it had:

> by its servants, agents or employes aided, abetted or engaged in the traffic in, or sale of, a controlled substance on the licensed premises and/or permitted the use of its licensed premises in the furtherance of the traffic in, or use of, a controlled substance . . . .

The Licensee appealed to the trial court. At the hearing *de novo*, the court heard testimony of the sole shareholder of the Licensee corporation, Mary Angelo Sileo. Mrs. Sileo testified it was not the corporation's policy to engage in the sale of illegal substances on the Licensee's premises, she had no knowledge of the illicit activity, the corporation did not profit from the sale of the cocaine and that Jeff Sileo was no longer an officer or employee of the corporation (Notes of Testimony, (N.T.) *January 8, 1988*, at pp. 3-5).[1]

---

[1] The record does not state what the relationship is between Mary Angelo Sileo and Jeff Sileo. The PLCB does not raise the relationship as an issue, and, therefore, we will not address this issue.

Upon the evidence presented, the trial court reversed the PLCB's revocation and reinstated the liquor license. This appeal by the PLCB followed.

Our scope of review, in a liquor license case where the lower court conducted a hearing *de novo*, is limited to a determination of whether the order appealed from was supported by sufficient evidence in the record and whether the court committed an error of law or abused its discretion. *Bob Humphreys, Inc. Liquor License Case*, 73 Pa. Commonwealth Ct. 198, 457 A.2d 1035 (1983).

The PLCB first argues that the trial court committed an error of law because it was presented with "legally competent evidence to sustain the PLCB's findings of fact." (Brief, p. 6) The trial court applied the scope of review that if at the trial *de novo* it makes factual findings on material issues different from those found by the PLCB that it may change the penalty imposed by the PLCB. *A.R.F. Bar, Inc. Liquor License Case*, 72 Pa. Commonwealth Ct. 367, 369, n.4, 456 A.2d 709, 711, n.4 (1983).

The recent Supreme Court case, *Adair v. Pennsylvania Liquor Control Board*, 519 Pa. 103, 546 A.2d 19 (1988), in fact, removed the limitation the trial court placed upon itself to make materially different findings of fact. The *Adair* Court believed this previous limitation of the lower court's authority was based upon a misreading of Section 471 and established the lower court's scope of review as follows:

> The trial court's responsibility is to conduct a *de novo* hearing or review, make a determination of the facts and applicable law, and then sustain, reject, alter or modify the penalty imposed by the [PLCB]. This is so whether the lower court hears the evidence anew, takes additional testimony or

merely reviews the official transcript of the pro-
ceedings before the [PLCB].

    … [T]he lower court … in the exercise of its
statutory discretion, [is to] make findings and
conclusions. … To be sure, the authority to alter,
change[,] modify or amend a Board imposed pen-
alty may be exercised by the trial court whether
or not it makes findings which are materially
different from those found by the [PLCB].

*Adair*, 519 Pa. at 114-115, 546 A.2d at 25 (citation omit-
ted).

    Therefore, Appellant's argument that the trial court
erred as a matter of law because there was sufficient,
legally competent evidence must fail since *Adair* estab-
lished that the trial court may change a PLCB penalty,
regardless of whether or not it makes findings materially
different from those found by the PLCB. *Adair.*

    The PLCB next argues that Section 471 of the Liquor
Code allows the PLCB to revoke a liquor license under
the catchall phrase "other sufficient cause" for permitting
the use of the Licensee's premises in furtherance of the
traffic and/or use of a controlled substance. *Banks Liquor
License Case*, 78 Pa. Commonwealth Ct. 159, 467 A.2d
85 (1983). Such was the basis of the license suspension at
bar.

    The Liquor Code imposes strict liability upon the
Licensee for a violation of the Liquor Code by its em-
ployees and agents. *See, e.g., Commonwealth v. Kocz-
wara*, 397 Pa. 575, 155 A.2d 825 (1959); *Pennsylvania
Liquor Control Board v. Dobrinoff*, 80 Pa. Common-
wealth Ct. 453, 471 A.2d 941 (1984); *Allegheny Beverage
Co. v. Pennsylvania Liquor Control Board*, 67 Pa. Com-
monwealth Ct. 487, 447 A.2d 725 (1982). Here, the
PLCB imposed strict liability upon Licensee, because of
the "other sufficient cause" language of Section 471.

But because of the recent Supreme Court decision in *Pennsylvania Liquor Control Board v. TLK, Inc.*, 518 Pa. 500, 544 A.2d 931 (1988), we cannot agree with the strict liability standard the PLCB imposed upon the licensee. The Supreme Court refused to apply the rigid standard of strict liability, when the subject conduct does not violate the Liquor Code, but instead involves other penal legislation. In criminal cases, outside the Liquor Code, the Court held "some element of scienter on the part of the licensee is required to endanger the liquor license." *Id.* at 504, 544 A.2d at 933. *TLK* removes the drug violation, even if conducted on a licensed premises, from the strict liability standard applied to Liquor Code violations. *Id.* at 504, 544 A.2d 934.

The PLCB argues the Licensee had the required element of scienter. The quantum of guilty knowledge or intent which would justify proceeding against the Licensee was summarized in *TLK* which approved of two principles developed in *Bates v. Commonwealth*, 40 Pa. Commonwealth Ct. 426, 397 A.2d 851 (1979).

> The first is that if a licensee knew or should have known of illegal activities by an employee or patron, the licensee is liable. The second principle is that a licensee may defend his license by demonstrating that he took substantial affirmative steps to guard against a *known pattern of illegal activities*.

*TLK* at 504, 544 A.2d at 933 (emphasis added).

The PLCB's argument is weakened by the fact that Mrs. Sileo testified that she did not know of the illicit activity (N.T. at p. 4). The PLCB introduced no evidence to rebut Mrs. Sileo's testimony nor did it show a pattern of illicit activity on the part of the Licensee or upon the Licensee's premises.

Although the PLCB failed to establish knowledge on the part of the Licensee, it argues the second principle enunciated in *TLK* and *Bates* must apply where the Licensee failed to take measures prior to the arrest of Jeff Sileo, "to thwart illegal direct activities at the licensed establishment." (Brief, p. 7) The trial court held that Mrs. Sileo did not know of the illegal activity. Without knowledge of the illegal activity, and in the absence of some proof that the Licensee should have known, there is no duty to defend or prove that affirmative steps were taken to guard against a known pattern of criminal activity. *TLK.*

The PLCB's final argument is that Jeff Sileo was not only an employee, but was an officer of the corporation. The PLCB argues that in his capacity as an officer, his knowledge of the illegal activity must be imputed to the corporate Licensee. The PLCB reasons that "the Licensee cannot be absolved of liability because, 'it' did not know of the illicit drug transaction." (Brief, p. 7) No case law is cited to support this argument.

The Licensee argues that the corporation should not be so severely penalized for the wrongdoing of one of its past officers, who was never a shareholder, when the isolated incident was not a Liquor Code violation. We agree with this argument.

In *In the Matter of: Primo's Bar, Inc., Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board*, 48 Pa. Commonwealth Ct. 188, 409 A.2d 1369 (1979), the sole shareholder and one of three Board members was convicted of third degree murder. The PLCB revoked the corporation's liquor license for conduct unconnected to either the Liquor Code or the licensed premises. We held this revocation unwarranted because it destroyed an innocent third party's interest in the bar reasoning that:

> [t]he corporate entity in this situation should remain a discrete legal entity; we will not look behind its facade where to do so would visit an inequity upon the innocent pledgee of the stock of this corporation. We cannot find a revocation warranted where to do so would nearly destroy the security interest in a lender, . . . for a corporate officer's conduct unconnected to either the Liquor Code or conduct on the premises.

*Id.* at 194, 409 A.2d at 1373.

*Price's Bar, Inc., Liquor License Case*, 203 Pa. Superior Ct. 481, 201 A.2d 221 (1964), reversed the PLCB's revocation of a corporation's liquor license which was based on the criminal conviction of a 50% shareholder for conduct occurring off the licensed premises. The Court refused to pierce the corporate veil "where the rights of innocent parties are involved and the corporation is used for a legal purpose, as otherwise the entire theory of the corporate entity would be made useless." *Id.* at 484, 201 A.2d at 222.

In yet another case, *Pennsylvania Liquor Control Board v. Pollock*, 86 Pa. Commonwealth Ct. 168, 484 A.2d 206 (1984), the PLCB erroneously revoked a partnership's liquor license based on a criminal violation, outside the Liquor Code, of one partner, which occurred off the licensed premises. We held that this would be inequitable to the other partner who was not involved nor had knowledge of the criminal activity.

In *Primo's Bar, Price's Bar* and *Pollock*, the Court did not impute knowledge of the criminal activity to the "artificial creation" of the partnership or the corporation. *Primo's Bar, Price's Bar*, and *Pollock*, were previously distinguishable from the case now before us because the underlying violations upon which the liquor licenses were revoked occurred off the licensed premises. The

Supreme Court's holding in *TLK* held irrelevant that the non-Liquor Code violation occurred on the licensed premises. Proof of scienter on the part of the Licensee is the essential element to authorize the revocation of the liquor license.

Accordingly, we hold that the order of the trial court is adequately supported by the evidence and, therefore, affirm its reversal of the PLCB's license revocation.

## ORDER

AND NOW, this 22nd day of February, 1989, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is hereby affirmed.