569 A.2d 1041

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant,**

**v.**

**VETERANS OF FOREIGN WARS, SHICKSHINNY POST NO. 5430, HOME ASSOCIATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 1989.

Decided Feb. 8, 1990.

Eileen S. Maunus, Asst. Counsel, with her, Kenneth B. Skelly, Chief Counsel, for appellant.

No appearance for appellee.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

## OPINION

BARRY, Judge.

The Pennsylvania Liquor Control Board (Board) appeals an order of the Luzerne County Court of Common Pleas which sustained the Board's charges against the Veterans of Foreign Wars, Shickshinny Post No. 5430 Home Association (the Post) for selling alcoholic beverages to minors and a non-member but reversed the charges against the Shickshinny Post for maintaining gambling paraphernalia on its premises. The Board further appeals the Court's reduction of the sanctions ordered. The Board had ordered revoca-

tion of the Post's liquor license, but the Court ordered the license suspended for ninety days. We vacate and remand.[1]

Under Citation No. 1842, 1984, the Board found that the Post had sold alcoholic beverages to minors and to a non-member on May 3, 1984, and that alcoholic beverages had been sold on that same date for consumption off premises. Under Citation No. 2651, 1984, the Board found that the post had sold alcoholic beverages to a non-member on July 24, 1984 and that the Post had permitted gambling devices and paraphernalia on its licensed premises on August 3 and 9, 1984. For each of these citations, the Board imposed separate penalties. The Board ordered in each case that the Post's license be revoked with bond forfeiture. On appeal to the Luzerne County Court of Common Pleas, the citations were consolidated.

The Board in its appeal to this Court, submits that the consolidation of the citations for *de novo* proceedings before the trial court constitutes reversible error. The Board avers that this consolidation was an abuse of the court's discretion under Pa.R.C.P. No. 213(a). The Board also contends that the trial court's modification of the penalty imposed absent significant different findings of fact is impermissible. Finally, the Board argues that the trial court used an incorrect standard when it required a showing that gambling had actually been observed to sustain a charge regarding the use of gambling paraphernalia on the licensed premises. We do not here summarize arguments by the Post because its submission of a brief has been precluded due to its failure to comply with this Court's briefing schedule.

■ We hold that the Luzerne County Court of Common Pleas erred in consolidating cases comprising neither common questions of fact nor of law. While Pa.R.C.P. No.

1. Our scope of review in an appeal of an order from a *de novo* proceeding in a trial court is limited to a determination of whether there is sufficient evidence to support the PLCB's order and whether or not the trial court committed an error of law or abused its discretion. *PLCB v. Liberty Fire Company of Schuylkill Haven,* 113 Pa.Commonwealth Ct. 626, 537 A.2d 974 (1988).

213(a) permits a court by its own motion to consolidate matters for judicial economy, common questions of law or fact must first exist. In this case, Citation No. 1842, 1984 involved events occurring on May 3, 1984 and raised issues concerning the sale of alcoholic beverages to minors for off premise consumption whereas Citation No. 2651 involved transactions and occurrences on July 24, August 3 and August 9, 1984. The issues raised in these events pertain to sales to nonmembers of legal drinking age and the presence of gambling materials on licensed premises. Although in the first citation, the issue of a sale to a non-member was raised, the real question was a sale to minors. The facts and issues presented by the two citations are distinctly different, and it therefore was error for the trial court to consolidate them.

We also hold that the Luzerne County Court of Common Pleas mistakenly required a showing of actual gambling activity to sustain the charge of the possession of gambling material on the licensed premises. The Crimes Code provides that it is a misdemeanor in the first degree to intentionally or knowingly maintain any punchboard or any other device to be used for gambling purposes. 18 Pa.C.S. § 5513(a)(1). The trial court found that a punchboard and tip seals were present when the Post's premises were inspected by a PLCB agent on August 9th; the punchboard was even identified as that previously observed by the agent when at the Post on August 3. The Board met its burden by showing the presence of gambling devices. Punchboards and tip seals constitute gambling devises *per se. See Commonwealth v. Two Electronic Poker Game Machines*, 502 Pa. 186, 465 A.2d 973 (1983). Moreover, it was within the Board's authority to cite the Post for this Crimes Code violation. Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4–471 (Supp.1989–90). Therefore, the trial court erred when it held that the Board had not met its burden in sustaining its charge that gambling material was kept on licensed premises.

Prior to the Supreme court's decision in *Adair v. Pennsylvania Liquor Control Board*, 519 Pa. 103, 546 A.2d 19 (1988), we would have reversed the trial court's order and reinstated the Board's penalty since courts previously could modify a Board imposed penalty only if it found facts materially different than those relied upon by the Board. *See Pennsylvania Liquor Control Board v. Second Street Beer Distributor, Inc.*, 97 Pa.Commonwealth Ct. 459, 509 A.2d 976 (1986). In *Adair*, however, the Supreme court stated without equivocation, "To be sure, the authority to alter, change, modify or amend a Board imposed penalty may be exercised by the trial court whether or not it makes findings which are materially different from those found by the Board." *Id.*, 519 Pa. at 115, 546 A.2d at 25. Therefore, even though we believe that the trial court erred in its conclusion on the gambling question and would have made the same essential findings as the Board, the trial court nonetheless had the power to modify the penalty imposed by the Board. At this point, the error concerning consolidation becomes relevant and cannot be characterized as harmless error. Upon remand, the trial court must impose separate penalties for the two citations, rather than imposing a single penalty.

Vacated and remanded.

## ORDER

NOW, February 8, 1990, the order of the Court of Common Pleas of Luzerne County dated August 12, 1986 at No. 1340 of 1985 is vacated. The matter is remanded solely for the purpose of imposing penalties on the individual citations. No further hearings on the violations are to be held.

Jurisdiction relinquished.