579 A.2d 983

Esther M. HALTER, t/a Roma Cafe, Appellant,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, BUREAU OF LIQUOR CONTROL ENFORCEMENT, PENNSYLVANIA STATE POLICE, Appellee.

Commonwealth Court of Pennsylvania.

Submitted Jan. 19, 1990.

Decided March 13, 1990.

Publication Ordered Sept. 10, 1990.

4

William C. Kollas, Kollas, Costopoulos, Foster & Fields, for appellant.

Sarah Slesinger Smith, Asst. Counsel, for appellee.

Before CRUMLISH, Jr., President Judge, PELLEGRINI, J., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Esther M. Halter, t/a Roma Cafe (Licensee), appeals from an order of the Court of Common Pleas, Dauphin County, which affirmed the Order of the Liquor Control Board (LCB), affirming the Order of the Administrative Law Judges (ALJ), imposing a fine of $175.00 pursuant to § 491(10) of the Liquor Code, Act of April 12, 1951, P.L. 90, as amended, 47 P.S. § 4-491(10) (Code), for adulterating and/or contaminating liquor.

Licensee, located in the Borough of Steelton, Dauphin County, was cited by the Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau), for violating

§ 491(10) of the Code. The Bureau seized six bottles of liquor which appeared to contain fruit flies and sediment from Licensee's establishment. A laboratory analysis of the bottles indicated that they contained low proof, sediment, dirt particles and/or fruit flies. The sediment, dirt and fruit flies were not present in the liquor when purchased, but became part of the contents of the liquor while in the custody and control of the Licensee. There was no evidence that Licensee had affirmatively or intentionally placed the contaminants in the liquor.

The Bureau and Licensee stipulated to these facts and submitted the matter to the ALJs to determine whether Licensee need act affirmatively or intentionally contaminate the liquor to be found in violation of § 491(10) of the Code. The ALJs upheld the citation and fined Licensee $175.00. Licensee appealed to the LCB, which affirmed the decision and the fine. Licensee then appealed to the court below which issued a decision affirming the LCB.

The issue is whether the court below erred in affirming the LCB's decision that § 491(10) of the Liquor Code does not require that a licensee affirmatively act and intentionally adulterate and/or contaminate liquor in order to be found in violation of the Code.

Section 491(10) of the Liquor Code, 47 P.S. § 4-491(10) provides:

It shall be unlawful for any licensee or any employee or agent of a licensee or of the board, to fortify, adulterate or contaminate any liquor, except as permitted by the regulations of the board, or to refill, wholly or in part, with any liquid or substance whatsoever, any liquor bottle or other liquor container.

This court has previously held that proof of intent to violate is not required by the Code. *Commonwealth, Pennsylvania Liquor Control Board v. 1212 Corporation*, 85 Pa.Commonwealth Ct. 35, 480 A.2d 390 (1984).

Recently the Supreme Court, in *Pennsylvania Liquor Control Board v. TLK, Inc.*, 518 Pa. 500, 544 A.2d 931

(1988), also held that a liquor licensee is subject to a strict liability standard for any violation of the Liquor Code or its regulations:

A violation of the Liquor Code or its attendant laws and regulations places a liquor license in jeopardy on a basis of strict liability—that is, a license may be suspended or revoked for such a violation regardless of whether the licensee knew or should have known of the misconduct. This is due to the legislative mandate in the Liquor Code

. . .

[Section 471 of the Liquor Code, 47 P.S. § 4–471] has been interpreted as authorizing license suspension or revocation regardless of a licensee's ignorance of his employee's misconduct. (Citations omitted.)

Id. at 503, 544 A.2d at 932.

The court in *TLK* interpreted the emphasized language of § 471 to make a licensee strictly liable for violations of the Liquor Code and regulations. Additionally, the court in *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825 (1959), held that due to the nature of the business, anyone who receives permission from the Commonwealth to carry on the liquor trade assumes the highest degree of responsibility to his fellow citizen.

Although Licensee did not affirmatively or intentionally place the sediment, dirt or fruit flies in the liquor, these contaminants were found in four out of six bottles which were chemically analyzed. Therefore, Licensee violated the Code, regardless of any intent to commit a violation.

The rationale behind this strict-liability standard was correctly explained by the court below as a police measure to ensure the well-being and safety of patrons at an establishment serving liquor:

The health of this licensees patrons is to be protected against contaminants that careless or slovenly practices by the licensee allow to enter and collect in open bottles no less than against a contaminant deliberately placed there, that the duty is embraced within the general language of § 4–491(10).

Because Licensee is strictly liable for violations of the Code and Licensee need not affirmatively act and intentionally adulterate or contaminate liquor to be in violation of the Code, we conclude that Licensee was in violation of § 491(10) of the Code.

Accordingly, we affirm the decision of the trial court and the imposition of the fine of $175.00 pursuant to § 491(10) of the Code.

## ORDER

AND NOW, this 13th day of March, 1990, the order of the Court of Common Pleas, Dauphin County, dated September 28, 1989, No. 505 M.D.1989, is affirmed.

## ORDER

AND NOW, this 10th day of September, 1990, it is ordered that the opinion filed March 13, 1990 shall be designated OPINION rather than MEMORANDUM OPINION and that it shall be *reported.*