Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Herb Anthony Enterprise, Inc., E. L. Gringo.

Argued April 6, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Marvin Allanoff,* for appellee.

OPINION BY JUDGE DiSALLE, May 17, 1978:

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Philadelphia County, dated April 7, 1977, which sustained an appeal by Herb Anthony Enterprises, Inc., trading as E. L. Gringo (Appellee), and vacated the order of the Board revoking the restaurant liquor license, No. R-1503, of Appellee.

On July 7, 1976, the Board issued a citation to show cause why the license and amusement permit of Appellee should not be revoked. An ex parte hearing was held on October 27, 1976, before a Board Examiner.[1] The Board issued an Opinion and Order, dated December 16, 1976, revoking Appellee's license, basing its action on its finding that: "(t)he licensee, by its servants, agents or employes, aided, abetted and engaged in the traffic in or sale of a controlled substance on the licensed premises and/or permitted the use of its licensed premises in the furtherance of the traffic in or use of a controlled substance, on January 19, 1976; ...." Appellee thereafter filed an appeal in the Court of Common Pleas where a *de novo* hearing was held on February 7, 1977.

---

[1] At the hearing in the Court of Common Pleas, any defect that may have occurred by holding the hearing ex parte was waived by Appellee.

The following events of January 19, 1976, were uncontradicted and are not in dispute. Undercover police officers entered Appellee's licensed premises for the purpose of purchasing heroin. The bartender, Carl Williams, informed them that a third person, Awelda Pena, would bring the narcotics to them shortly. After Awelda Pena's arrival, a discussion ensued concerning the price of the heroin. A price was agreed upon but Ms. Pena stated it would take a short time to deliver the heroin as the drug was in the process of being bagged. She received three phone calls and, after the last call, left the premises. She returned with a brown paper bag containing numerous glassine packets. Three of the packets were taken at random by one of the officers to a vehicle parked outside for qualitative testing. Carl Williams and Awelda Pena were then arrested.

Our scope of review is limited to a determination of whether the court below abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Two Guy's Delicatessen, Inc.,* 13 Pa. Commonwealth Ct. 602, 319 A.2d 695 (1974).

The Board contends that the owner of the licensed premises, Jay Diamond, is liable for the action of the bartender, Carl Williams, since an agency relationship existed between them. This liability attaches, it is argued, even though Mr. Diamond had no notice of the bartender's acts, nor did he permit them. In this regard, the court below made the following findings of fact:

2. At all times relevant to these proceedings, JAY DIAMOND had sole responsibility for operating EL GRINGO;

6. Neither JAY DIAMOND nor any of his or the corporation's officers, servants, agents or employees participated in, had knowledge

of or was responsible for the sale of a controlled substance inside the EL GRINGO BAR; and

7. Neither CARL WILLIAMS nor AWELDA PENA is an officer, servant, agent or employee of the licensee in this matter.

The center of the present controversy concerns the propriety of the lattermost finding of fact and it is the presence or absence of an agency relationship on which the resolution of this case hinges.

The testimony adduced at the hearing before the lower court established that Lisa Barnhill had been hired as barmaid and manager of the licensed premises. Lisa Barnhill is the mother of Carl Williams. On January 19, 1976, she did not feel well and requested that her son tend the bar while she went upstairs to lie down. The testimony of the police officers corroborates this, and she was not arrested, since according to the officers, she was in no way involved with the heroin transactions. The evidence further revealed that Mr. Diamond was unaware that Carl Williams was bartending on the evening in question, and in fact had never authorized Mrs. Barnhill to allow her son to act on his behalf.

Appellant rests its argument primarily on the case of *In the Matter of Revocation of Club Liquor License No. C-2669,* 30 Pa. Commonwealth Ct. 323, 373 A.2d 1161 (1977). That case, however, is clearly distinguishable from the instant one. The person who was tending bar and who sold alcoholic beverages to non-members was obviously doing so with the acquiescence of those in charge of the premises, and was acting as an agent of the licensee. Carl Williams was not acting on behalf of Appellee; he was in fact acting for himself in the drug transaction. Since he was neither the servant, agent, nor employe of Jay Diamond, we

cannot hold Appellee liable for the actions of Carl Williams on the licensed premises.

A review of the record shows that the court below did not commit an abuse of discretion or error of law. Affirmed.

## ORDER

AND Now, this 17th day of May, 1978, the Order of the Court of Common Pleas of Philadelphia County dated April 7, 1977, at Miscellaneous Docket No. 76-12-2200 vacating the Pennsylvania Liquor Control Board's Order revoking Liquor License No. R-1503, is hereby affirmed.