In Re: Arthur A. Banks, 2301 North Sixth Street, Harrisburg, PA. 17110. Arthur A. Banks, Appellant.

Submitted on briefs May 3, 1984, before Judges MacPhail, Colins and Barbieri, sitting as a panel of three.

*Norman M. Yoffe, Norman M. Yoffe, P.C.,* for appellant.

*Felix Thau,* Assistant Counsel, with him, *Gary F. DiVito,* Chief Counsel, for appellee.

Opinion by Judge MacPhail, September 17, 1984:

This is an appeal from a decision and order of the Court of Common Pleas, Dauphin County, which fined Arthur Banks, owner and licensee of Otto's Atmosphere (Licensee)[1] for violating the Liquor Code (Code).[2]

---

[1] Licensee owns several Otto's Atmospheres. The premises relavant to this case is located at 2301 North Sixth Street, Harrisburg,

[2] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101 to 9-902.

The Pennsylvania Liquor Control Board (Board) had ordered the Licensee to pay a fine of $1,000 because it found that the Licensee had permitted the sale of liquor to minors on August 28, 1982 and that the Licensee had three previous citations. The trial court, after a de novo hearing, found that the Licensee had furnished a malt beverage to one minor and had permitted other minors to frequent the licensed premises. Because the facts found by the trial court differed from those found by the Board, the court entered an order directing the Licensee to pay a fine of $200.[3] This appeal followed.

Three issues are presented by the Licensee in this appeal. The Licensee first contends that the trial court erred when it found that a violation had been committed by a minor who obtained an alcoholic beverage through the intercession of an adult. This Court has previously held that the purchase of an alcoholic beverage by an adult for a minor's consumption does not relieve the Licensee from the duty to prevent such beverages from being furnished to a minor. *Matter of Revocation of Restaurant Liquor License*, 78 Pa. Commonwealth Ct. 159, 467 A.2d 85 (1983).

The Licensee next contends that the trial court erred when it found that minors had frequented the licensed premises when the evidence disclosed only one such occasion. In fact, two of the witnesses testified at the de novo hearing that they had frequented the licensed premises as minors on occasions prior to August 28, 1982.

The Licensee finally contends that no penalty can be imposed in this case because the Board failed to prove that it had complied with the provisions of Section 471 of the Code which reads in pertinent part as follows:

---

[3] The trial court's memorandum does not mention the Licensee's previous citations. No cross appeal has been filed by the Board.

No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days.

47 P.S. §4-471.

Two enforcement officers testified for the Board. One of the officers, a Ms. Williams, testified regarding the required notice that the *Board* had sent the notice, that the charges of selling to minors and frequenting by minors were set forth in that notice and that the receipt for the notice was signed by the Licensee. She also testified that the investigation was completed August 28, 1982.

Counsel for the Licensee objected to this testimony on the ground that the best evidence of the notice would be the notice itself and since the witness was not qualified as the custodian of the records of the Board, she could not testify concerning their content. The Judge reserved his ruling on the objection and never acted on that objection thereafter. Neither is there a specific finding by the trial court that the requisite notice was given. The Board did not offer any other proof regarding the notice although the citation was admitted as a part of the record. While a citation may in some cases serve the purpose of the statutory requirement of notice, the citation in the instant case will not suffice for that purpose for it is dated September 22, 1982 which is more than ten days from the date the investigation was completed.

The burden of proof in a citation proceeding for violation of the Code lies with the Board, of course. *Greensburg Lodge No. 1151, Loyal Order of Moose, Liquor License Case,* 216 Pa. Superior Ct. 118, 260

A.2d 500 (1969). Until there is a specific finding in the instant case regarding timely notice to the Licensee under the provisions of Section 471, we do not believe that the Board has met its burden of proof. Where the record is insufficient for us to perform our appellate review, our only recourse is to remand. *Clark v. Department of Public Welfare*, 45 Pa. Commonwealth Ct. 38, 404 A.2d 774 (1979).

ORDER

The order of the Court of Common Pleas of Dauphin County dated July 11, 1983 is vacated and the case is remanded for proceedings not inconsistent with the foregoing opinion.