531 A.2d 546

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* G & R Bar, Inc., Appellee.

Submitted on briefs June 24, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, with him, *Ken Skelly,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, September 18, 1987:

The Pennsylvania Liquor Control Board (board) seeks review of an order of the Court of Common Pleas of Philadelphia County overturning an order of the board which revoked the restaurant liquor license of G & R Bar, Inc. (licensee).

On April 11, 1984, a board officer was approached in the licensee's bar by a patron known as Donnie, who asked if the officer wanted to purchase a "nickel bag of reefer," *i.e.,* marijuana. The conversation was made in the presence of the licensee's barmaid, who stated, "Donnie had good reefer." The officer purchased the marijuana and departed. Subsequently, the board charged that:

> The licensee by its servants, agents or employes aided, abetted and engaged in the traffic in or sale of a controlled substance on the licensed premises and/or permitted the use of its licensed premises in the furtherance of the traffic in or use of a controlled substance, on April 11, 1984.

After hearing, the board revoked the restaurant liquor license pursuant to section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471. The licensee appealed and the Court of Common Pleas of Philadelphia County, after a hearing de novo, reversed. The trial court found that the board officer's testimony was credible and that the sale had taken place in the licensed premises in the view of the barmaid. However, the court stated:

> We do not find this evidence presented by the Commonwealth sufficient to sustain the averment. The isolated incident of a single sale of five dollars worth of marijuana between patrons, where the barmaid does not participate, cannot be reasonably construed to be 'aided, abetted and engaged' or 'permitted.' Commonwealth v. Herb Anthony Enterprise, Inc., 386 A.2d 1043 (Pa. Cmw. 1978). We, therefore, conclude as a matter of law that the Board erred in sustaining the within averment.

This court's scope of review is limited to a determination of whether the record supports the board's action and whether the trial court abused its discretion or committed an error of law. *In Re: Peter's Pub, Inc.,* 94 Pa. Commonwealth Ct. 282, 503 A.2d 499 (1986).

The board argues that the trial judge erred in its reliance on *Pennsylvania Liquor Control Board v. Herb Anthony Enterprise, Inc.,* 35 Pa. Commonwealth Ct. 343, 386 A.2d 1043 (1978). We agree. In *Herb Anthony,* the licensee's barmaid became ill at the bar and her son, who was bartending in her place, sold drugs to undercover police officers. The issue was not whether a single or multiple sale of drugs had taken place in the licensed premises, but whether the licensee was liable for the actions of the barmaid's son as an agent of the licensee. We held that, because the barmaid's son was not an em-

ployee of the licensee and therefore was not acting as an agent, the licensee cannot be held liable. *Id*. at 346, 386 A.2d at 1044. Thus, the trial court erred in sustaining the licensee's appeal on the basis of the *Herb Anthony* decision.

"Before a trial court may modify or set aside a board order 'it must make findings of fact on the material issues different from those made by the board.'" *Pennsylvania Liquor Control Board v. Eclectic Enterprises, Inc.*, 76 Pa. Commonwealth Ct. 626, 627, 464 A.2d 683, 684 (1983).

The evidence presented before the court was the same as the evidence which was presented before the board. The trial court, in making its findings, found that the barmaid was present when the sale of drugs took place and that she, in fact, commented on the quality of the drugs sold by the seller.

Because the trial court reversed the board's order without any findings—or any evidentiary basis for findings—on the material issues different than those made by the board, we hold that the trial court committed an error of law.

Reversed.

### ORDER

Now, September 18, 1987, the decision of the Court of Common Pleas of Philadelphia County, Docket No. 8506-2849, dated April 18, 1986, is reversed. The May 20, 1985 order of the Pennsylvania Liquor Control Board revoking the restaurant liquor license and ordering the bond forfeiture is reinstated.