542 A.2d 653

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Joseph W. Leggens and Joyce E. Leggens, Appellees.

108

Submitted on briefs March 15, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

Felix Thau, Deputy Chief Counsel, and Kenneth B. Skelly, Chief Counsel, for appellant.

No appearance for appellees.

OPINION BY JUDGE DOYLE, June 13, 1988:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Westmoreland County which reversed an

order of the Board revoking the liquor license of Joseph
W. Leggens and Joyce E. Leggens t/a Blue Heaven
(Licensees).

The Board's revocation was based upon the following
findings:

1. The licensees, their servants, agents or em-
ployes aided, abetted or engaged in the traffic in
or sale of a controlled substance on the licensed
premises and/or permitted use of their premises
in the furtherance of the traffic in or use of a
controlled substance, on October 7, 1985.

2. The licensees, their servants, agents or em-
ployes possessed a controlled substance on the
licensed premises, on October 7, 1985. . . .

Licensees appealed the Board's order, and the common
pleas court conducted a *de novo* hearing. The court
found that during an investigation, which occurred on
October 7, 1985, one John McGranahan was acting as a
bartender at the subject tavern. McGranahan sold a
controlled substance to a patron. The court also found,
however, that McGranahan had never been employed
by the Licensees, nor had the Licensees authorized
anyone to employ him, and, thus, that he was not an
officer, servant, agent or employee of the Licensees.
The bartenders who were scheduled to work on the
night in question were Marilyn Huybrecht and Clar-
ence Burkett. When Huybrecht reported to the li-
censed premises on the night in question she informed
Burkett, who was then tending bar, that she was going
upstairs to her apartment for a while but would return
later to begin her duties. The trial court found that
Huybrecht had no knowledge that McGranahan (who
was her son) was to act as barman that evening. The
court further found that the Licensees did not know of,
and were not responsible for, the sale of marijuana on
the licensed premises on the night in question. Finally,

the trial court found that "[n]o evidence was presented to establish who, if anyone, authorized John McGranahan to act as a bartender on October 7, 1985." Based upon these findings, the trial court concluded:

1. The licensee, [sic] their servants, agents, or employees did not aid, abate, [sic] or engage in the traffic in or sale of a controlled substance on the licensed premises and/or did not permit the use of their premises in the furtherance of the traffic in or use of a controlled substance on October 7, 1985.

2. The licensees, their servants, agents, or employees did not possess a controlled substance on the licensed premises on October 7, 1985.

Accordingly, it sustained the Licensees' appeal. The Board's appeal to this Court followed.

This Court's scope of review in a liquor license revocation appeal where, as here, there was a *de novo* proceeding before the common pleas court, is limited to determining whether the trial court committed an error of law or abused its discretion. *BJJ Enterprises, Inc. v. Commonwealth*, 85 Pa. Commonwealth Ct. 372, 481 A.2d 1253 (1984). Where the lower court conducts a *de novo* review, it may reverse the Board's determination if it finds a clear abuse of discretion or if it makes factual findings varying significantly from those of the Board. *Pennsylvania Liquor Control Board v. Horner*, 88 Pa. Commonwealth Ct. 102, 488 A.2d 661 (1985). The burden of proof in a citation proceeding for a violation of the Liquor Code[1] is upon the Board, *Banks Appeal*, 85 Pa. Commonwealth Ct. 169, 481 A.2d 709 (1984), and it must prove its case by a clear preponderance of the evidence. *Omicron Enterprises*, 68 Pa. Commonwealth Ct. 568, 449 A.2d 857 (1982).

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101- 9-902.

The Board presents two arguments for our consideration. First, it asserts that the trial court erred in dismissing the case on "agency principles. although the record confirms that an agent of the licensee was present on the licensed premises when the violations were discovered." Board's brief, p. 8. It is certainly true that a licensee may not disclaim responsibility for the acts of his agents or employees. *See, e.g., Fumea Liquor License Case,* 186 Pa. Superior Ct. 609, 142 A.2d 326 (1958). The record in this case reveals that Burkett, manager of the bar, was on duty at the time in question. Thus, he must be deemed responsible for McGranahan's conduct. The question is not whether McGranahan was an authorized agent or servant of Licensees, but whether Burkett was. That he was is undisputed. Hence, Licensees cannot disclaim responsibility for what Burkett as an employee permitted to occur. *Fumea.*

Licensees argue that this case is controlled by *Pennsylvania Liquor Control Board. v. Herb Anthony Enterprise, Inc.,* 35 Pa. Commonwealth Ct. 343, 386 A.2d 1043 (1978). In *Herb Anthony,* one Carl Williams, a "bartender," informed undercover officers that a third person, Awelda Pena, would supply them with drugs. She did so and the two individuals (the "bartender," Williams, and the drug seller, Pena) were arrested. Williams was the son of the barmaid-manager, who, on the night in question, had gone upstairs to lie down because she was not feeling well and asked her son to tend bar for her. The facts indicated, however, that the substitution was without the licensee's knowledge and that the manager had not been authorized by the licensee to allow her son to act on the licensee's behalf. The trial court found that the son was not an employee, agent, or servant of the licensee. It, therefore, concluded that the licensee could not be held responsible for the son's actions. We affirmed, reasoning that the son was not act-

ing on behalf of the licensee and that the licensee had not acquiesced in the conduct.

In this case, however, unlike *Herb Anthony,* we have the acting manager of the bar actually on the premises and on duty at the time the illegal activities occurred. Therefore, we believe that there was sufficient evidence as a matter of law to demonstrate responsibility on the part of Licensees through their employee, Burkett, for McGranahan's conduct, and that the trial court erred in concluding to the contrary.

In our view this case is analogous to *Pennsylvania Liquor Control Board v. G & R Bar, Inc.,* 109 Pa. Commonwealth Ct. 438, 531 A.2d 546 (1987). In that case a conversation pertaining to a drug sale was made in the presence of a barmaid who actually commented, "Donnie had good reefer." Thus, like the case at bar, there was evidence in *G & R* that an employee permitted drug trafficking to occur on the licensed premises. Accordingly, we conclude that *G & R* and not *Herb Anthony* is controlling in this case.

Having determined that the trial court erred in not holding Licensees responsible for the actions of Burkett, we need not reach the Board's second argument pertaining to a theory of constructive possession.

Reversed.

### ORDER

Now, June 13, 1988, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is hereby reversed.

Senior Judge KALISH dissents.