RUM RUNNERS, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL
COMMISSION & another.[1]

No. 95-P-1528.

Barnstable. January 10, 1997. - July 29, 1997.

Present: DREBEN, JACOBS, & IRELAND, JJ.

*Alcoholic Liquors,* License, Manager of premises. *Administrative Law,*
Substantial evidence.

At an evidentiary proceeding before the Alcoholic Beverages Control Com-
mission, evidence that a sale of a controlled substance took place in the
presence and with the knowledge of the bartender who was in charge was
substantial evidence that supported the commission's conclusion that the
licensee knew, or should have known, of illegal drug activity taking place
on the premises and that the licensee "permitted" such illegality in viola-
tion of 204 Code Mass. Regs. § 2.05(2) so as to warrant suspension of the
all alcoholic beverages license held by the licensee. [250-251]

There was no merit to a challenge to G. L. c. 138, § 64, on the ground that it
was impermissibly vague, where the statute, as applied to the circumstances
of the suspension of an all alcoholic beverages license for the licensee's
permitting the sale of a controlled substance on the premises, was not
unconstitutionally vague. [251-252]

CIVIL ACTION commenced in the Superior Court Department on
May 24, 1995.

The case was heard by *Gerald F. O'Neill, Jr.,* J.

*Frederick C. Mycock* for the plaintiff.

*Richard Bowen (William Murphy* with him) for the Dennis
Licensing Board.

JACOBS, J. In January, 1995, the town of Dennis licensing
board suspended the all alcoholic beverages license of the
plaintiff, Rum Runners, Inc. (Rum Runners), for the period
from May 26, 1995, to July 31, 1995. Rum Runners appealed to
the Alcoholic Beverages Control Commission (ABCC), which
found that the board's ruling was supported by the evidence and

[1]Licensing board of the town of Dennis.

was a reasonable exercise of its discretion. Rum Runners sought review of that decision pursuant to G. L. c. 30A, § 14. A judge of the Superior Court ordered a judgment affirming the license suspension.[2] Timely appeal to this court followed. We affirm.

In ordering the suspension, the board relied on 204 Code Mass. Regs. § 2.05(2) (1993), which states: "No licensee for the sale of alcoholic beverages shall permit any disorder, disturbance or illegality of any kind to take place in or on the licensed premises. The licensee shall be responsible therefor, whether present or not."[3] The board determined that Rum Runners had permitted an "illegality" on its premises in the form of a violation of G. L. c. 94C (the Controlled Substances Act).

At an evidentiary hearing before the ABCC, an undercover police officer testified essentially as follows: In the course of attempting to buy cocaine on the evening of March 7, 1994, he was directed to see a woman named "Red" at Rum Runners. He proceeded to Rum Runners accompanied by a confidential informant who identified a woman seated at the bar as "Red" Kendrick. The officer took a seat at the bar next to Kendrick and ordered a beer from the bartender. Concerned that his being observed purchasing drugs might jeopardize his undercover operation, he suggested to Kendrick that they go outside. She responded, "No, it's cool here. They're all friends of mine." Kendrick then produced a three-inch folded square of paper and placed it on the bar. The officer handed her fifty dollars in cash, removed the paper square from the bar, and looked inside. During this transaction he made direct eye contact with the bartender, who was standing approximately five to seven feet away with an unobstructed view of Kendrick and him. The substance inside the package proved to be cocaine.

The ABCC found that the drug transaction "occurred at the bar in view of the bartender" and that the bartender's testimony that he was watching television and did not observe the transaction was not credible. It concluded that "[t]he licensee knew, or

---

[2]A single justice of this court stayed the suspension pending the entry of a final judgment in the Superior Court and another single justice of this court stayed the suspension pending this appeal.

[3]Authority for the suspension derives from G. L. c. 138, § 64, which provides in pertinent part (as appearing in St. 1934, c. 385, § 20), that a "licensing authorit[y] . . . may . . . suspend . . . [a] license upon satisfactory proof that [the licensee] has . . . permitted a violation of . . . any law of the commonwealth. . . ." A regulation of the Dennis licensing board contains similar language.

should have known, of illegal drug activity taking place on the premises." In affirming the decision of the ABCC, the judge correctly found that "[t]he inferences permissible from the facts presented appear to be sufficient for the Board to conclude there was substantial evidence that the licensee's employee was aware of the drug transaction." He concluded that this court's decision in *Rico's of the Berkshires, Inc.* v. *Alcoholic Bevs. Control Commn.*, 19 Mass. App. Ct. 1026 (1985), requires that the suspension be affirmed.

In the circumstances, a reviewing court may set aside the decision of an agency such as the ABCC only if that decision is unsupported by substantial evidence. G. L. c. 30A, § 14(7)(*e*). "Substantial evidence" is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1(6), as inserted by St. 1954, c. 681, § 1. Upon finding that the officer's testimony was credible, the ABCC reasonably could conclude that the bartender knew or should have known that an illegal drug sale was taking place. "All in all, the evidence pointed to an appreciable probability that the conclusion arrived at by the commission was correct." *Rico's of the Berkshires, Inc.* v. *Alcoholic Bevs. Control Commn.*, *supra* at 1027. That evidence, therefore, meets the test for substantiality. *Griffin's Brant Rock Package Store, Inc.* v. *Alcoholic Bevs. Control Commn.*, 12 Mass. App. Ct. 768, 770 (1981). Because there was no evidence that the illegality here was anything other than an isolated occurrence, the sole issue before us is whether the bartender's imputed or actual awareness of a single ongoing drug transaction constitutes substantial evidence that Rum Runners "permitted" an illegality or a violation of law.

It is significant that there was uncontroverted testimony at the ABCC hearing by the "owner" of Rum Runners that "[n]ormally, the bartender on duty is the person in charge for that evening."[4] That circumstance, viewed in the context of the regulatory provision imposing responsibility upon the licensee "whether present or not" (204 Code Mass. Regs. § 2.05 [1993]) and established agency principles, see *Pennsylvania Liquor*

---

[4]This witness signed the complaint filed in the Superior Court as vice-president of Rum Runners. There is no indication in the record as to who was designated as manager of Rum Runners on March 7, 1994. See G. L. c. 138, § 26 ("No corporation . . . shall be given a license to sell . . . any alcoholic beverages unless such corporation shall have first appointed . . . [a] manager . . . and shall have vested in him . . . full authority and control of the [licensed] premises . . .").

*Control Bd.* v. *Leggens*, 117 Pa. Commw. 107, 111 (1988), supports attribution of the bartender's knowledge to the licensee. Moreover, the bartender testified that had he observed an illegal transaction taking place, the participants "would have been asked to leave and not come back . . . and I would have informed my boss." There is no occasion, therefore, to speculate as to whether proof of violations of law occurring in licensed premises and either unknown by the licensee or its managerial employees or known only to lower level nonmanagerial employees would provide a sufficient basis for a suspension. Compare *Rico's of the Berkshires* v. *Alcoholic Bevs. Control Commn.*, 19 Mass. App. Ct. at 1027 ("In any event, under [204 Code Mass. Regs. § 2.05(2) (1978)], the responsibility of the licensee is to exercise sufficiently close supervision so that there is compliance with law on the premises. . . . It is, thus, quite possible for a licensee to offend the regulatory scheme without scienter"); *New Palm Gardens, Inc.* v. *Alcoholic Bevs. Control Commn.*, 11 Mass. App. Ct. 785, 796-798 (1981) (licensee "permitted" violation of law although neither the manager nor the person in charge of the licensed premises was present at the time of the violation), and cases cited.

There is no merit to the plaintiff's argument that G. L. c. 138, § 64, is unconstitutionally vague by virtue of its reliance on the word "permitted." As applied to the facts found by the ABCC, that section is not unconstitutional. *Department of Youth Servs.* v. *A Juvenile*, 398 Mass. 516, 522 (1986). See *Aristocratic Restaurant of Mass., Inc.* v. *Alcoholic Bevs. Control Commn. (No. 1)*, 374 Mass. 547, 552, appeal dismissed, 439 U.S. 803 (1978) (regulations may not be challenged on due process grounds "by showing that the regulations may be facially vague, that is, impermissibly vague in other factual circumstances"). In light of the substantial evidence that the bartender was aware of the drug transaction, we conclude that he "permitted" the violation by not taking positive action to stop the violation and prevent its recurrence. See *Harrington* v. *Smarr*, 844 S.W.2d 16, 19 (Mo. Ct. App. 1992) (mere "passivity or abstinence from preventive action" may support finding that licensee permitted illegality). Also, given the evidence that the board previously had not dealt with drug violations on licensed premises, the claimed severity of the suspension penalty is neither indicative of an abuse of discretion nor arbitrary and capricious administrative action.

We affirm the judgment of the Superior Court, but because the original period of suspension has lapsed, we remand this matter to the Superior Court for establishment of the period of suspension. For that purpose, the Superior Court may further remand this matter to the ABCC or to the licensing board of the town of Dennis.

*So ordered.*